MATTHEW S. CONANT, State Bar No. 094920
msc@llcllp.com
LORI A. SEBRANSKY, State Bar No. 125211
las@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:     (510) 433-2600
Facsimile:      (510) 433-2699

Paul D. Keenan
Jeffrey D. Cohen, JCohen@freightlaw.net
KEENAN COHEN & HOWARD P.C.
One Pitcairn Place
165 Township Line Road, Suite 2400
Philadelphia, PA 19046
Telephone:     (215) 609-1110
Facsimile:      (215) 609-1117

Attorneys for Plaintiff
MASON AND DIXON INTERMODAL, INC.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MASON AND DIXON INTERMODAL, INC., | Case No.  C-08-1232-MEJ |
| Plaintiff, | **ANSWER BY PLAINTIFF MASON AND DIXON INTERMODAL, INC. TO COUNTERCLAIM OF DEFENDANT HARTFORD FIRE INSURANCE CO.** |
| v. | |
| LAPMASTER INTERNATIONAL, LLC and HARTFORD INSURANCE CO., | |
| Defendants. | |

1    LAPMASTER INTERNATIONAL, LLC,

2                  Counter-Claimant,

3    v.

4    MASON AND DIXON INTERMODAL,
     INC.,
5                  Counter-Defendant.
     _____
6
7    HARTFORD FIRE INSURANCE CO.,

                   Counter-Claimant,
8
     v.
9
10   MASON AND DIXON INTERMODAL,
     INC.,
11                 Counter-Defendant.

12   _____

13   AND RELATED THIRD-PARTY
     COMPLAINTS
14

15          Plaintiff Mason and Dixon Intermodal, Inc. ("MDII") by and through its attorneys, hereby

16   answers the counterclaim ("Counterclaim") of Defendant Hartford Fire Insurance Co.

17   ("Hartford") as follows:

18                           **(JURISDICTION AND VENUE)**

19          1.      Admitted in part and denied in part. Plaintiff MDII admits the allegations of

20   Paragraph 1 of the Counterclaim except it denies that supplemental jurisdiction exists as to state

21   law claims because those claims are pre-empted by federal law.

22          2.      Admitted.

23          3.      Admitted.

24          4.      Admitted.

25                                   **(PARTIES)**

26          5.      MDII has insufficient knowledge or information to admit or deny the allegations

27   of Paragraph 5 of the Counterclaim and they thus are denied.

28   ///

Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF HARTFORD

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

6.      MDII has insufficient knowledge or information to admit or deny the allegations of Paragraph 6 of the Counterclaim and they thus are denied.

7.      Admitted.

8.      MDII has insufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the Counterclaim and they thus are denied.  MDII demands strict proof of the allegations at trial.

**(GENERAL ALLEGATIONS)**

9.      MDII has insufficient knowledge or information to admit or deny the allegations of Paragraph 9 of the Counterclaim and they thus are denied.  MDII demands strict proof of the allegations at trial.

10.     Denied as stated.  In December 2007, the Machines were transported from Hamai Co., Ltd. in Tokyo, Japan. MDII lacks sufficient knowledge or information to admit or deny otherwise the allegations in Paragraph 10 of the Counterclaim and demands strict proof of the allegations at trial.

11.     Denied as stated. Nippon Express, identified as the ocean carrier in Exhibit A of the Counterclaim, arranged for the transport of the Machines aboard the Ocean Vessel Cosco Hong Kong from Yokohama, Japan. MDII lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 11 of the Counterclaim.

12.     Denied as stated. The Machines were transported by Nippon Express from Tokyo, Japan to the Port of Oakland, California and Nippon Express also arranged for their transportation to their final destination in Fremont, California.

13.     Denied as stated. Nippon Express hired ITG Transportation Services, Inc. ("ITG") as a subcontractor, or ITG acted as the agent of, Nippon Express in connection with the carriage of the Machines from Japan to their final destination of Fremont, California, the location of the consignee Hayward Quartz Technology, Inc.  By way of further answer, MDII is without sufficient information or knowledge to admit or deny the allegations in paragraph 13 pertaining to World Express Shipping, Transportation and Forwarding Services, Inc. d/b/a W.E.S.T. Forwarding Services ("West") and they thus are denied.

Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF HARTFORD

14.    Denied.  The Waybill is a document that speaks for itself.  By way of further answer, the Waybill states it is a "Combined Transport Document," indicating that it covers transport by ocean carrier and other means.

15.    Admitted in part and denied in part.  The allegations in Paragraph 15 of the Counterclaim are admitted, except that MDII has insufficient knowledge or information to admit or deny that Exhibit B is a true, correct and complete copy of the Import Dispatch.  Therefore, this allegation is denied.

16.    Denied.  Paragraph 16 of the Counterclaim contains conclusions of law to which no response is required.  To the extent that Paragraph 16 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

17.    Denied.  Paragraph 17 of the Counterclaim contains conclusions of law to which no response is required.  To the extent that Paragraph 17 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

18.    MDII is without sufficient knowledge or information to admit or deny the allegations in paragraph 18 of the Counterclaim and they thus are denied.

19.    MDII is without sufficient knowledge or information to admit or deny the allegations in paragraph 19 of the Counterclaim and they thus are denied.

20.    MDII is without sufficient knowledge or information to admit or deny the allegations in paragraph 20 of the Counterclaim and they thus are denied.

21.    Paragraph 21 of the Counterclaim contains conclusions of law to which no response is required.  To the extent that Paragraph 21 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

22.    Paragraph 22 of the Counterclaim contains conclusions of law to which no response is required.  To the extent that Paragraph 22 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

///

///

///

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF HARTFORD

LOMBARDI, LOPER & CONANT, LLP

Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

**(FIRST COUNTERCLAIM)**

**(Declaratory Relief)**

23.    Plaintiff MDII incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

24.    Paragraph 24 of the Counterclaim contains conclusions of law to which no response is required.  To the extent that Paragraph 24 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.  By way of further answer, MDII states:

(a)    As to Paragraph 24(a), MDII denies that it is liable to Lapmaster for damages;

(b)    As to Paragraph 24(b), MDII maintains to the contrary that the Carriage of Goods by Sea Act ("COGSA") applies to the ground transportation of the Machines.

(c)    As to Paragraph 24(c), the Waybill is a document that speaks for itself.

(d)    As to Paragraph 24(d), MDII maintains to the contrary that the $500.00 liability limitation of COGSA applies to each Machine.

(e)    As to Paragraph 24(e), MDII denies that Lapmaster is entitled to recover attorneys' fees and costs in connection with this matter.

25.    Paragraph 25 of the Counterclaim contains conclusions of law to which no response is required.  To the extent paragraph 25 sets forth allegations of fact, they are denied.

**(SECOND COUNTERCLAIM)**

**(Implied Indemnity)**

26.    Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

27.    Paragraph 27 of the Counterclaim contains conclusions of law to which no response is required.  To the extent paragraph 27 sets forth allegations of fact, they are denied.

**(THIRD COUNTERCLAIM)**

**(Equitable Indemnity)**

28.    Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1    29.    Paragraph 29 of the Counterclaim contains conclusions of law to which no

2    response is required.  To the extent paragraph 29 sets forth allegations of fact, they are denied.

3                          **(FOURTH COUNTERCLAIM)**

4                                  **(Negligence)**

5    30.    Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this

6    Answer as if set forth in full.

7    31.    Paragraph 31 of the Counterclaim contains conclusions of law to which no

8    response is required.  To the extent paragraph 31 sets forth allegations of fact, they are denied.

9    32.    Paragraph 32 of the Counterclaim contains conclusions of law to which no

10   response is required.  To the extent paragraph 32 sets forth allegations of fact, they are denied.

11   33.    Paragraph 33 of the Counterclaim contains conclusions of law to which no

12   response is required.  To the extent paragraph 33 sets forth allegations of fact, they are denied.

13   34.    Paragraph 34 of the Counterclaim contains conclusions of law to which no

14   response is required.  To the extent paragraph 34 sets forth allegations of fact, they are denied.

15   35.    MDII is without sufficient knowledge or information to admit or deny the

16   allegations in paragraph 35 of the Counterclaim and they thus are denied.

17                          **(FIFTH COUNTERCLAIM)**

18                                **(Negligence Per Se)**

19   36.    Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this

20   Answer as if set forth in full.

21   37.    Paragraph 37 of the Counterclaim contains conclusions of law to which no

22   response is required.  To the extent paragraph 37 sets forth allegations of fact, they are denied.

23   38.    Paragraph 38 of the Counterclaim contains conclusions of law to which no

24   response is required.  To the extent that the averments in Paragraph 38 are allegations of fact,

25   MDII specifically denies them.

26   39.    Paragraph 39 of the Counterclaim contains conclusions of law to which no

27   response is required.  To the extent that the averments in Paragraph 39 are allegations of fact,

28   MDII specifically denies them.

Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF HARTFORD

40.    Paragraph 40 of the Counterclaim contains conclusions of law to which no response is required.  To the extent that the averments in Paragraph 40 are allegations of fact, MDII specifically denies them.

41.    MDII is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Counterclaim and therefore they are denied.

## (SIXTH COUNTERCLAIM)

## (Breach of Bailment Contract)

42.    Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

43.    Denied.  To the contrary, MDII transported the Machines from Oakland to Fremont, California as a subcontractor of Nippon Express and transported them as part of their movement from Japan to their final destination of Fremont, CA, the location of the consignee Quartz Technology.  By way of further answer, MDII lacks sufficient knowledge or information to admit or deny that Lapmaster owned the Machines.

44.    Denied.  To the contrary, MDII transported the Machines from Oakland to Fremont, California as a subcontractor of Nippon Express and transported them as part of their movement from Japan to their final destination of Fremont, CA, the location of the consignee Quartz Technology.

45.    MDII is without knowledge or information to admit or deny the allegations in Paragraph 45 of the Counterclaim and they thus are denied.  MDII demands strict proof of the allegations at trial.

46.    Denied.  To the contrary, MDII transported the Machines from Oakland to Fremont, California as a subcontractor of Nippon Express and transported them as part of their movement from Japan to their final destination of Fremont, CA, the location of the consignee Quartz Technology.

47.    Paragraph 47 of the Counterclaim contains conclusions of law to which no response is required.

///

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF HARTFORD

48.    Denied.  MDII denied that it had any agreement with Lapmaster and that it breached any agreement.  By way of further answer, MDII denies that it acted negligently recklessly, carelessly or wantonly in connection with the transport of the Machines from Oakland to Freemont, California.

49.    MDII lacks sufficient knowledge or information as to the condition of the Machines at delivery and when received on or about December 27, 2007.  Therefore, MDII denies the factual allegations in Paragraph 49 of the Counterclaim as to condition and failure to deliver and demands that Counterclaimant provide strict proof of them at trial. By way of further answer, MDII denies that it had any agreement with Lapmaster and that it breached any agreement.

50.    Paragraph 50 of the Counterclaim contains conclusions of law to which no response is required.  To the extent Paragraph 50 contains factual allegations, MDII specifically denies them.

51.    MDII is without sufficient knowledge or information to admit or deny that Lapmaster was the owner of the Machines and this allegation thus is denied.  The remaining averments in Paragraph 51of the Counterclaim are conclusions of law to which no response is required.  To the extent that the remaining averments are factual allegations, they are denied.

52.    MDII denies that an agreement existed between MDII and Lapmaster and that a breach of any agreement occurred.  As to the remaining allegations in Paragraph 52 of the Counterclaim, MDII is without sufficient knowledge or information to admit or deny the allegations and they thus are denied.

53.    MDII denies that an agreement existed between MDII and Lapmaster and that a breach of any agreement occurred.  As to the remaining allegations in Paragraph 53 of the Counterclaim, MDII is without sufficient knowledge or information to admit or deny the allegations and they thus are denied.

54.    MDII is without knowledge or information to admit or deny the allegations in Paragraph 54 of the Counterclaim and they thus are denied.  MDII demands strict proof of the allegations at trial.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF HARTFORD

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

### (SEVENTH COUNTERCLAIM)

### (Breach of Transportation Contract)

55.     Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

56.     Paragraph 56 of the Counterclaim contains an introductory statement or conclusions of law to which no response is required.

57.     Denied as stated.  On or about December 27, 2007, Nippon Express hired MDII as a subcontractor to complete the transport of the Machines from Japan to their destination of Fremont, California, the location of the consignee Quartz Technology.  By way of further answer, the subcontract is evidenced by documents including but not limited to the Import Dispatch and MDII is without sufficient knowledge or information to admit or deny that Exhibit B is a true and correct and complete copy of the Import Dispatch.

58.     Admitted.

59.     Admitted.

60.     Paragraph 60 0f the Counterclaim contains conclusions of law to which no response is required.  To the extent the averments in Paragraph 60 are factual allegations, MDII is without sufficient knowledge or information to admit or deny the allegations.

61.     MDII is without sufficient information or knowledge to admit or deny that Lapmaster was the actual or beneficial owner or legal possessor of goods and effects for which MDII provided transportation services and these allegations thus are denied.  By way of further answer, MDII denies that it is obligated to pay for damages to the Machines pursuant to 49 U.S.C. §§ 13702, 13706 and 14706 because MDII transported the Machines as a subcontractor of ocean carrier Nippon Express and COGSA governs its liability to Lapmaster.

62.     Paragraph 62 of the Counterclaim contains conclusions of law to which no response is required.  To the extent the averments in Paragraph 62 are factual allegations, they are denied.

63.     Denied.  To the contrary, MDII tendered to Hartford the amounts MDII owed under COGSA for damages to the Machines, Hartford returned the payments to MDII and MDII

1  then initiated litigation pursuant to COGSA.

2        64.    Paragraph 64 of the Counterclaim contains conclusions of law to which no

3  response is required.  To the extent the averments in Paragraph 64 are factual allegations, they are

4  denied.

5        65.    MDII is without knowledge or information to admit or deny the allegations in

6  Paragraph 65 of the Counterclaim and they thus are denied.  MDII demands strict proof of the

7  allegations at trial.

8        66.    Paragraph 66 of the Counterclaim contains conclusions of law to which no

9  response is required.

10             **AFFIRMATIVE DEFENSES**

11       1.    Counterclaimant Hartford fails to state a claim, in whole or part, against CTI upon

12 which relief can be granted.

13       2.    Any damages allegedly sustained by Hartford are the result of acts, errors or

14 omissions or breaches by other third-parties, persons or entities over which MDII has no

15 responsibility or control.

16       3.    Hartford has failed to satisfy conditions precedent for pursuing the claims set forth

17 in its Counterclaim.

18       4.    To the extent that Hartford has incurred any losses or damages, it has failed to

19 mitigate said losses or damages.

20       5.    Hartford has failed to aver facts necessary for recovery of loss profits, incidental,

21 consequential, special and punitive damages.

22       6.    The alleged damage to the freight at issue was caused in whole or in part by

23 inadequate packaging and securing of goods, which failed to comply with minimum requirements

24 for interstate transportation by motor carrier.

25       7.    Hartford's claims, asserted in Counts I through VII of the Counterclaim, are

26 preempted by, and subject to the terms of, the Carmack Amendment to the Interstate Commerce

27 Act.

28 ///

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF HARTFORD

1    8.  The alleged damage to the freight at issue was caused in whole or in part by

2 improper documentation, inadequate instructions, and the oversight, errors, and negligence of

3 Lapmaster and/or Lapmaster's agents.

4    9.  Hartford's claims are barred and/or limited pursuant to the terms of the applicable

5 Bill of Lading, applicable tariffs and contractual limitations.

6    10.  Lapmaster and Hartford lack standing to pursue the claims alleged in its

7 Counterclaim.

8    11.  MDII reserves its right to assert any additional defenses that may arise through

9 discovery or otherwise.

10    WHEREFORE, Plaintiff and Counterdefendant Mason Dixon Intermodal, Inc. prays for

11 dismissal of the Counterclaim, and the entry of judgment against counterclaimant Hartford Fire

12 Insurance Company.

13 Dated:  May 8, 2008         LOMBARDI, LOPER & CONANT, LLP

14

15                   By:  /s/ Lori A. Sebransky

16                     LORI A. SEBRANSKY
                      Attorneys for Plaintiff

17                     MASON AND DIXON INTERMODAL,
                      INC.

18

19

20

21

22

23

24

25

26

27

28

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541