MATTHEW S. CONANT, State Bar No. 094920
msc@llcllp.com
LORI A. SEBRANSKY, State Bar No. 125211
las@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:     (510) 433-2600
Facsimile:      (510) 433-2699

Paul D. Keenan
Jeffrey D. Cohen, JCohen@freightlaw.net
KEENAN COHEN & HOWARD P.C.
One Pitcairn Place
165 Township Line Road, Suite 2400
Philadelphia, PA 19046
Telephone:     (215) 609-1110
Facsimile:      (215) 609-1117

Attorneys for Plaintiff
MASON AND DIXON INTERMODAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MASON AND DIXON INTERMODAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAPMASTER INTERNATIONAL, LLC and HARTFORD INSURANCE CO., <br><br> Defendants. | Case No.  C-08-1232-MEJ <br><br> **ANSWER BY PLAINTIFF MASON AND DIXON INTERMODAL, INC. TO COUNTERCLAIM OF DEFENDANT LAPMASTER INTERNATIONAL, LLC** |

30806-37681 LAS 554143.1                          - 1 -

Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF LAPMASTER

1 | LAPMASTER INTERNATIONAL, LLC,
2 |     Counter-Claimant,
3 | v.
4 | MASON AND DIXON INTERMODAL, INC.,
5 |     Counter-Defendant.

6 | HARTFORD FIRE INSURANCE CO.,
7 |     Counter-Claimant,
8 | v.
9 | MASON AND DIXON INTERMODAL, INC.,
10 |     Counter-Defendant.

11 | AND RELATED THIRD-PARTY COMPLAINTS

Plaintiff Mason and Dixon Intermodal, Inc. ("MDII") by and through its attorneys, hereby answers the counterclaim ("Counterclaim") of Defendant Lapmaster International LLC ("Lapmaster") as follows:

**JURISDICTION AND VENUE**

1. Admitted in part and denied in part. Plaintiff MDII admits the allegations of Paragraph 1 of the Counterclaim except it denies that supplemental jurisdiction exists as to state law claims because those claims are pre-empted by federal law.

2. Admitted.

3. Admitted.

4. It is admitted only that this action has been properly assigned to the appropriate division; all factual averments are denied.

**PARTIES**

5. MDII has insufficient knowledge or information to admit or deny the allegations of Paragraph 5 of the Counterclaim and they thus are denied.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    6.    Admitted.

2    7.    MDII has insufficient knowledge or information to admit or deny the allegations
3    of Paragraph 7 of the Counterclaim and they thus are denied.  MDII demands strict proof of the
4    allegations at trial.

## GENERAL ALLEGATIONS

6    8.    MDII has insufficient knowledge or information to admit or deny the allegations
7    of Paragraph 8 of the Counterclaim and they thus are denied.  MDII demands strict proof of the
8    allegations at trial.

9    9.    Denied as stated.  MDII admits only that the Waybill attached as Exhibit A of the
10   Counterclaim identifies Hamai Co., Ltd. as the shipper of the Machines and the Port of Loading
11   as Yokahama, Japan.  MDII lacks sufficient knowledge or information to admit or deny otherwise
12   the allegations in Paragraph 9 of the Counterclaim.

13   10.   Denied as stated.  MDII admits only that the Waybill attached as Exhibit A of the
14   Counterclaim identifies the Cosco Hong Kong as the Ocean Vessel and the Port of Loading as
15   Yokahama, Japan. MDII lacks sufficient knowledge or information to admit or deny otherwise
16   the allegations in Paragraph 10 of the Counterclaim.

17   11.   Denied as stated.  Carrier Nippon Express arranged the transportation of the
18   Machines from Japan to the Port of Oakland and also arranged the Machines' incidental
19   transportation to their final destination in Fremont, California, the location of the consignee
20   Quartz Technology, Inc.

21   12.   Denied as stated.  Nippon Express hired ITG Transportation Services, Inc. ("ITG")
22   as a subcontractor, or ITG acted as the agent of, Nippon Express in connection with the carriage
23   of the Machines from Japan to their final destination of Fremont, California, the location of the
24   consignee Hayward Quartz Technology, Inc.  By way of further answer, MDII is without
25   sufficient information or knowledge to admit or deny the allegations in paragraph 13 pertaining to
26   World Express Shipping, Transportation and Forwarding Services, Inc. d/b/a W.E.S.T.
27   Forwarding Services ("West") and they thus are denied.

28   ///

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

30806-37681 LAS 554143.1                - 3 -                Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF LAPMASTER

1  13.  Denied. The Waybill is a document that speaks for itself.

2  14.  Admitted.

3  15.  Denied. Paragraph 15 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 15 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

16.  Denied. Paragraph 16 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 16 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

17.  MDII is without sufficient knowledge or information to admit or deny the allegations in paragraph 17 of the Counterclaim and they thus are denied.

18.  MDII is without sufficient knowledge or information to admit or deny the allegations in paragraph 18 of the Counterclaim and they thus are denied.

19.  MDII is without sufficient knowledge or information to admit or deny the allegations in paragraph 19 of the Counterclaim and they thus are denied.

20.  MDII is without sufficient knowledge or information to admit or deny the allegations in paragraph 20 of the Counterclaim and they thus are denied.

21.  Paragraph 21 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 21 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

22.  Paragraph 22 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 22 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

**FIRST COUNTERCLAIM**

**(Declaratory Relief)**

23.  Plaintiff MDII incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

24.  Paragraph 24 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 24 contains factual allegations, they are

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30806-37681 LAS 554143.1     - 4 -     Case No. CV-08-1232-MEJ
ANSWER BY MASON AND DIXON
TO COUNTERCLAIM OF LAPMASTER

1 specifically denied and MDII demands strict proof of the allegations at trial. By way of further
2 answer, MDII states:

3     (a)    As to Paragraph 24(a), MDII denies that it is liable to Lapmaster for damages;

4     (b)    As to Paragraph 24(b), MDII maintains to the contrary that the Carriage of Goods
5 by Sea Act ("COGSA") applies to the ground transportation of the Machines.

6     (c)    As to Paragraph 24(c), the Waybill is a document that speaks for itself.

7     (d)    As to Paragraph 24(d), MDII maintains to the contrary that the $500.00 liability
8 limitation of COGSA applies to each Machine.

9     (e)    As to Paragraph 24(e), MDII denies that Lapmaster is entitled to recover attorneys'
10 fees and costs in connection with this matter.

11     25.    Paragraph 25 of the Counterclaim contains conclusions of law to which no
12 response is required. To the extent Paragraph 25 sets forth allegations of fact, they are denied.

### SECOND COUNTERCLAIM
### (Implied Indemnity)

15     26.    Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this
16 Answer as if set forth in full.

17     27.    Paragraph 27 of the Counterclaim contains conclusions of law to which no
18 response is required. To the extent Paragraph 27 sets forth allegations of fact, they are denied.

### THIRD COUNTERCLAIM
### (Equitable Indemnity)

21     28.    Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this
22 Answer as if set forth in full.

23     29.    Paragraph 29 of the Counterclaim contains conclusions of law to which no
24 response is required. To the extent Paragraph 29 sets forth allegations of fact, they are denied.

### FOURTH COUNTERCLAIM
### (Negligence)

27     30.    Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this
28 Answer as if set forth in full.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

31. Paragraph 31 of the Counterclaim contains conclusions of law to which no response is required. To the extent Paragraph 31 sets forth allegations of fact, they are denied.

32. Paragraph 32 of the Counterclaim contains conclusions of law to which no response is required. To the extent Paragraph 32 sets forth allegations of fact, they are denied.

33. Paragraph 33 of the Counterclaim contains conclusions of law to which no response is required. To the extent Paragraph 33 sets forth allegations of fact, they are denied.

34. Paragraph 34 of the Counterclaim contains conclusions of law to which no response is required. To the extent Paragraph 34 sets forth allegations of fact, they are denied.

35. Paragraph 35 of the Counterclaim contains conclusions of law to which no response is required. To the extent Paragraph 35 sets forth allegations of fact, they are denied.

## FIFTH COUNTERCLAIM

### (Negligence Per Se)

36. Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

37. Paragraph 37 of the Counterclaim contains conclusions of law to which no response is required. To the extent Paragraph 37 sets forth allegations of fact, they are denied.

38. Admitted in part and denied in part. Plaintiff MDII admits only that a driver received a citation in connection with transporting one of the Machines. By way of further answer, the remaining averments in Paragraph 38 of the Counterclaim are conclusions of law to which no response is required. To the extent that the averments in Paragraph 38 are allegations of fact, MDII specifically denies the allegations, including that it acted willfully or otherwise breached any duty of care owed to Lapmaster.

39. Paragraph 39 of the Counterclaim contains conclusions of law to which no response is required. To the extent that the averments in Paragraph 39 are allegations of fact, MDII specifically denies them.

40. Paragraph 40 of the Counterclaim contains conclusions of law to which no response is required. To the extent that the averments in Paragraph 40 are allegations of fact, MDII specifically denies them.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

## SIXTH COUNTERCLAIM

### (Breach of Bailment Contract)

41. Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

42. Denied. To the contrary, MDII transported the Machines from Oakland to Fremont, California as a subcontractor of Nippon Express and transported them as part of their movement from Japan to their final destination. By way of further answer, MDII lacks sufficient knowledge or information to admit or deny that Lapmaster owned the Machines.

43. Denied. To the contrary, MDII transported the Machines as a subcontractor of Nippon Express and transported them as part of their movement from Japan to their final destination, the location of the consignee Quartz Technology.

44. Admitted in part and denied in part. MDII admits only that it picked up the Machines at the Port of Oakland. MDII lacks sufficient information or knowledge to admit or deny the condition of the Machines when MDII received them. Therefore, MDII denies that the Machines were in excellent condition and demands strict proof of their condition at trial.

45. Denied. To the contrary, MDII transported the Machines from Oakland to Fremont, California as a subcontractor of Nippon Express and transported them as part of their movement from Japan to their final destination, the location of the consignee Quartz Technology.

46. Paragraph 46 of the Counterclaim contains conclusions of law to which no response is required. Any factual averment, stated or implied, is denied.

47. Denied. MDII denied that it had any agreement with Lapmaster and that it breached any agreement. By way of further answer, MDII denies that it acted negligently recklessly, carelessly or wantonly in connection with the transport of the Machines from Oakland to Freemont, California.

48. MDII lacks sufficient knowledge or information as to the condition of the Machines at delivery and when received on or about December 27, 2007. Therefore, MDII denies the factual allegations in Paragraph 49 of the Counterclaim as to condition and failure to deliver and demands that Counterclaimant provide strict proof of them at trial. By way of further

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  answer, MDII denies that it had any agreement with Lapmaster and that it breached any
2  agreement.

3      49.    Paragraph 49 of the Counterclaim contains conclusions of law to which no
4  response is required. Any factual averment, stated or implied, is denied.

5      50.    MDII is without sufficient knowledge or information to admit or deny that
6  Lapmaster was the owner of the Machines and this allegation thus is denied. The remaining
7  averments in Paragraph 50 of the Counterclaim are conclusions of law to which no response is
8  required. To the extent that the remaining averments are factual allegations, they are denied.

9      51.    MDII denies that an agreement existed between MDII and Lapmaster and that a
10 breach of any agreement occurred. As to the remaining allegations in Paragraph 51 of the
11 Counterclaim, MDII is without sufficient knowledge or information to admit or deny the
12 allegations and they thus are denied.

13     52.    MDII denies that an agreement existed between MDII and Lapmaster and that a
14 breach of any agreement occurred. As to the remaining allegations in Paragraph 52 of the
15 Counterclaim, MDII is without sufficient knowledge or information to admit or deny the
16 allegations and they thus are denied.

## SEVENTH COUNTERCLAIM

**(Breach of Transportation Contract)**

19     53.    Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this
20 Answer as if set forth in full.

21     54.    Paragraph 54 of the Counterclaim contains conclusions of law to which no
22 response is required; any factual averment, stated or implied, is denied.

23     55.    Denied as stated. On or about December 27, 2007, Nippon Express hired MDII as
24 a subcontractor to complete the transport of the Machines from Japan to the consignee Quartz
25 Technology. By way of further answer, the subcontract is evidenced by documents including but
26 not limited to the Import Dispatch and MDII is without sufficient knowledge or information to
27 admit or deny that Exhibit B is a true and correct and complete copy of the Import Dispatch;
28 therefore the allegation is denied.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

56. Admitted in part and denied in part. It is admitted only that on or about December 27, 2007, MDII accepted the Machines for transport. MDII is without sufficient knowledge or information to admit or deny that the transportation services were for the benefit of Lapmaster.

57. Denied as stated. On or about December 27, 2007, the Machines, on tractor trailers of MDII, struck the bottom of overpasses on Interstate 880 in Oakland, California. By way of further answer, MDII is without sufficient knowledge or information that the Machines were damaged beyond repair. Therefore, these allegations are denied and MDII demands strict proof of the allegations at trial.

58. MDII is without sufficient information or knowledge to admit or deny that Lapmaster was the actual or beneficial owner or legal possessor of goods and effects for which MDII provided transportation services and these allegations thus are denied. By way of further answer, MDII denies that it is obligated to pay for damages to the Machines pursuant to 49 U.S.C. §§ 13702, 13706 and 14706 because MDII provided incidental transportation of the Machines as a subcontractor of ocean carrier Nippon Express, and COGSA governs its liability to Lapmaster.

59. Paragraph 59 of the Counterclaim contains conclusions of law to which no response is required. To the extent the averments in Paragraph 62 are factual allegations, they are denied.

60. Denied. To the contrary, MDII tendered to Hartford the amounts MDII owed under COGSA for damages to the Machines. Hartford returned the payments to MDII, and MDII then initiated litigation pursuant to COGSA.

61. Paragraph 61 of the Counterclaim contains conclusions of law to which no response is required. To the extent the averments in Paragraph 61 are factual allegations, they are denied.

62. MDII is without sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of the Counterclaim and they thus are denied. MDII demands strict proof of the allegations at trial. By way of further answer, MDII denies that there was any transportation agreement between MDII and Lapmaster.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

63. MDII is without sufficient knowledge or information to admit or deny that Lapmaster suffered loss, that the Machines suffered severe property damage and that the Machines were declared a total loss, and therefore these allegations are denied. By way of further answer, MDII denies that there was a transportation agreement between MDII and Lapmaster and that there was a breach of any agreement.

64. Paragraph 64 of the Counterclaim contains conclusions of law to which no response is required.

## EIGHTH COUNTERCLAIM

### (Negligent Interference with Prospective Economic Advantage against All Cross-Defendants)

65. Plaintiff MDII hereby incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

66. Denied.

67. Denied.

68. Denied.

## AFFIRMATIVE DEFENSES

1. Counterclaimant Lapmaster fails to state a claim, in whole or part, against MDII upon which relief can be granted.

2. Any damages allegedly sustained by Lapmaster are the result of acts, errors or omissions or breaches by other third-parties, persons or entities over which MDII has no responsibility or control.

3. Lapmaster has failed to satisfy conditions precedent for pursuing the claims set forth in its Counterclaim.

4. To the extent that Lapmaster has incurred any losses or damages, it has failed to mitigate said losses or damages.

5. Lapmaster has failed to aver facts necessary for recovery of loss profits, incidental, consequential, special and/or punitive damages.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

6. The alleged damage to the freight at issue was caused in whole or in part by inadequate packaging and securing of goods, which failed to comply with minimum requirements for interstate transportation by motor carrier.

7. Lapmaster's claims, asserted in Counts I through VIII of the Counterclaim, are preempted by, and subject to the terms of, the Carmack Amendment to the Interstate Commerce Act.

8. The alleged damage to the freight at issue was caused in whole or in part by improper documentation, inadequate instructions, and the oversight, errors, and negligence of Lapmaster and/or Lapmaster's agents, and/or other parties.

9. Lapmaster's claims are barred and/or limited pursuant to the terms of the applicable Bill of Lading, applicable tariffs and contractual limitations.

10. Lapmaster and Hartford lack standing to pursue the claims alleged in its Counterclaim.

11. MDII reserves its right to assert any additional defenses that may arise through discovery or otherwise.

WHEREFORE, Plaintiff and Counterdefendant Mason Dixon Intermodal, Inc. prays for dismissal of the Counterclaim, and the entry of judgment against counterclaimant Lapmaster International, LLC.

Dated:   May 19, 2008                          LOMBARDI, LOPER & CONANT, LLP


By:   /s/ Lori A. Sebransky
      LORI A. SEBRANSKY
      Attorneys for Plaintiff
      MASON AND DIXON INTERMODAL, INC.