1  MICHAEL J. DALEY, ESQ. (State Bar No.157699)
   **RYAN & LIFTER**
2  A Professional Corporation
   2010 Crow Canyon Place, Suite 330
3  San Ramon, CA  94583-1344
   Tel:  (925) 884-2080
4  Fax:  (925) 884-2090

5  Attorneys for Third-Party Defendant
   ITG TRANSPORTATION SERVICES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MASON AND DIXON INTERMODAL, INC., | Case No. CV-08-1232-MEJ |
| Plaintiff, | **ANSWER TO HARTFORD FIRE INSURANCE COMPANY'S THIRD-PARTY COMPLAINT** |
| v. | |
| LAPMASTER INTERNATIONAL, LLC and HARTFORD INSURANCE CO., | **(Jury Trial Demanded)** |
| Defendants. | |
| HARTFORD FIRE INSURANCE CO., individually and as subrogee of Lapmaster International, LLC, | |
| Counterclaimant, | |
| v. | |
| MASON AND DIXON INTERMODAL, INC., | |
| Counterclaimant, | |
| HARTFORD FIRE INSURANCE COMPANY, individually and as subrogee of Lapmaster International, LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| /// | |

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
**SAN RAMON, CA**
94583-1344
**TEL: (925) 884-2080**
**FAX: (925) 884-2090**

1

**ANSWER TO HARTFORD INSURANCE COMPANY'S THIRD-PARTY COMPLAINT**
H:\DATA\CUSTOMER\UBI112\Pleadings\Answer 5-28-08.wpd

ITG TRANSPORTATION SERVICES, INC.;
WORLD EXPRESS SHIPPING,
TRANSPORTATION AND FORWARDING
SERVICES, INC. Dba W.E.S.T.
FORWARDING SERVICES; DOES I
through X, inclusive;

      Third-Party Defendants.

---

      Third-Party Defendant ITG TRANSPORTATION SERVICES, INC. (hereinafter "ITG") by and through its attorneys hereby answers the Third-Party Complaint of HARTFORD FIRE INSURANCE COMPANY (hereinafter "HARTFORD") as follows:

## JURISDICTION AND VENUE

      1. Admitted in part, and denied in part. ITG admits the allegation in sentence 1 of the Third-Party Complaint. It denies jurisdiction over State law claims as against ITG and others to the extent these claims are pre-empted by Federal law, and to the extent that there is not complete diversity in this case..

      2. Denied

      3. Admitted.

      4. Admitted in part, and denied in part. ITG admits the equipment arrived in Oakland, but lacks sufficient knowledge to determine whether an interchange of equipment occurred..

## PARTIES

      5. ITG has insufficient knowledge to admit or deny the allegation of paragraph 5 of the Third-Party Complaint, and as a matter of law, they are denied.

      6. ITG has insufficient knowledge to admit or deny the allegation of paragraph 6 of the Third-Party Complaint, and as a matter of law, they are denied.

      7. ITG has insufficient knowledge to admit or deny the allegation of paragraph 7 of the Third-Party Complaint, and as a matter of law, they are denied.

      8. Admitted.

      9. ITG has insufficient knowledge to admit or deny the allegation of paragraph 9 of the Third-Party Complaint, and as a matter of law, they are denied.

**ANSWER TO HARTFORD INSURANCE COMPANY'S THIRD-PARTY COMPLAINT**
H:\DATA\CUSTOMER\UBI112\Pleadings\Answer 5-28-08.wpd

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
SAN RAMON, CA
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

10. ITG has insufficient knowledge to admit or deny the allegation of paragraph 10 of the Third-Party Complaint, and as a matter of law, they are denied.

11. To the extent the Third-Party Plaintiff alleges that this Third-Party Defendant has agents, employees, joint venturers or partners acting in the course and scope of such relationships, such allegations are denied.

**GENERAL ALLEGATIONS**

12. ITG has insufficient knowledge to admit or deny the allegation of paragraph 12 of the Third-Party Complaint, and as a matter of law, they are denied.

13. ITG has insufficient knowledge to admit or deny the allegation of paragraph 13 of the Third-Party Complaint, and as a matter of law, they are denied.

14. ITG has insufficient knowledge to admit or deny the allegation of paragraph 14 of the Third-Party Complaint, and as a matter of law, they are denied.

15. Admitted.

16. ITG has insufficient knowledge to admit or deny the allegation of paragraph 16 of the Third-Party Complaint, and as a matter of law, they are denied. Denied as stated. ITG contacted a freight carrier, known as MASON AND DIXON INTERMODAL, INC., to arrange for motor transport of the Machines.

17. Denied. Exhibit "A" is a document which speaks for itself, and ITG has insufficient knowledge regarding the intent of the signatories to Exhibit "A" to either admit or deny the allegations.

18. Admitted in part, and denied in part. ITG has insufficient knowledge to admit or deny that Exhibit "B" is a true, correct and complete copy of the Import Dispatch. Therefore, by operation of law, this allegation is denied.

19. This paragraph contains legal conclusions, to which no response is required. To the extent that paragraph 19 contains factual allegations, ITG lacks sufficient information to either admit or deny said allegations. By operation of law, these allegations are denied at this time.

///

///

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
**SAN RAMON, CA**
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

3

**ANSWER TO HARTFORD INSURANCE COMPANY'S THIRD-PARTY COMPLAINT**
H:\DATA\CUSTOMER\UBI112\Pleadings\Answer 5-28-08.wpd

1  20. This paragraph contains legal conclusions, to which no response is required. To the extent that paragraph 20 contains factual allegations, ITG lacks sufficient information to either admit or deny said allegations. By operation of law, these allegations are denied at this time.

21. ITG has insufficient knowledge to admit or deny the allegation of paragraph 21 of the Third-Party Complaint, and as a matter of law, they are denied.

22. ITG has insufficient knowledge to admit or deny the allegation of paragraph 22 of the Third-Party Complaint, and as a matter of law, they are denied.

23. Paragraph 23 contains conclusion of law to which no response is required. To the extent factual allegations are made in paragraph 23, ITG lacks sufficient information to either admit or deny these allegations, and by operation of law, these allegations are denied.

24. Paragraph 24 contains conclusion of law to which no response is required. To the extent factual allegations are made in paragraph 24, ITG lacks sufficient information to either admit or deny these allegations, and by operation of law, these allegations are denied.

25. Paragraph 25 contains conclusion of law to which no response is required. To the extent factual allegations are made in paragraph 25, ITG lacks sufficient information to either admit or deny these allegations, and by operation of law, these allegations are denied.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief)**

26. ITG incorporates by reference the foregoing paragraphs of this Answer as if set forth in full, in response to each allegation made which is incorporated in the Third-Party Complaint.

27. Paragraph 27 contains conclusions of law, to which no response is required. To the extent that paragraph 27 contains factual allegations, they are denied.

28. Paragraph 28 contains conclusions of law, to which no response is required. To the extent that paragraph 28 contains factual allegations, they are denied.

29. Paragraph 29 contains conclusions of law, to which no response is required. To the extent that paragraph 29 contains factual allegations, they are denied.

///

///

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
SAN RAMON, CA
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

4

**ANSWER TO HARTFORD INSURANCE COMPANY'S THIRD-PARTY COMPLAINT**
H:\DATA\CUSTOMER\UBI112\Pleadings\Answer 5-28-08.wpd

## SECOND CAUSE OF ACTION

### (Breach of Contract)

30. ITG incorporates by reference the foregoing paragraphs of this Answer as if set forth in full, in response to each allegation made which is incorporated in the Third-Party Complaint.

31. Admitted in part, and denied in part. ITG admits that it contracted with MASON AND DIXON INTERMODAL, INC. to transport items carefully, safely and properly from the Port of Oakland to Fremont, California. All other factual allegations are denied.

32. Paragraph 32 contains conclusions of law, to which no response is required. To the extent that paragraph 32 contains factual allegations, they are denied.

33. Denied.

34. Denied.

35. Paragraph 35 contains conclusions of law, to which no response is required. To the extent that paragraph 35 contains factual allegations, they are denied.

36. Paragraph 36 contains conclusions of law, to which no response is required. To the extent that paragraph 36 contains factual allegations, they are denied.

37. Paragraph 37 contains conclusions of law, to which no response is required. To the extent that paragraph 37 contains factual allegations, they are denied.

38. Paragraph 38 contains conclusions of law, to which no response is required. To the extent that paragraph 38 contains factual allegations, they are denied.

39. Paragraph 39 contains conclusions of law, to which no response is required. To the extent that paragraph 39 contains factual allegations, they are denied.

40. Paragraph 40 contains conclusions of law, to which no response is required. To the extent that paragraph 40 contains factual allegations, they are denied.

41. Paragraph 41 contains conclusions of law, to which no response is required. To the extent that paragraph 41 contains factual allegations, they are denied.

///
///
///



LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
**SAN RAMON, CA**
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

5

**ANSWER TO HARTFORD INSURANCE COMPANY'S THIRD-PARTY COMPLAINT**
H:\DATA\CUSTOMER\UBI112\Pleadings\Answer 5-28-08.wpd

### THIRD CAUSE OF ACTION

**(Implied Indemnity)**

42. ITG incorporates by reference the foregoing paragraphs of this Answer as if set forth in full, in response to each allegation made which is incorporated in the Third-Party Complaint.

43. Paragraph 43 contains conclusions of law, to which no response is required. To the extent that paragraph 43 contains factual allegations, they are denied.

### FOURTH CAUSE OF ACTION

**(Negligence)**

44. ITG incorporates by reference the foregoing paragraphs of this Answer as if set forth in full, in response to each allegation made which is incorporated in the Third-Party Complaint.

45. Admitted in part, and denied in part. ITG admits that it contracted with MASON AND DIXON INTERMODAL, INC. to transport items carefully, safely and properly from the Port of Oakland to Fremont, California. All other factual allegations are denied.

46. Paragraph 46 contains conclusions of law, to which no response is required. To the extent that paragraph 46 contains factual allegations, they are denied.

47. Paragraph 47 contains conclusions of law, to which no response is required. To the extent that paragraph 47 contains factual allegations, they are denied.

48. Paragraph 48 contains conclusions of law, to which no response is required. To the extent that paragraph 48 contains factual allegations, they are denied.

49. Paragraph 49 contains conclusions of law, to which no response is required. To the extent that paragraph 49 contains factual allegations, they are denied.

50. Paragraph 50 contains conclusions of law, to which no response is required. To the extent that paragraph 50 contains factual allegations, they are denied.

51. Paragraph 51 contains conclusions of law, to which no response is required. To the extent that paragraph 51 contains factual allegations, they are denied.

52. Paragraph 52 contains conclusions of law, to which no response is required. To the extent that paragraph 52 contains factual allegations, they are denied.

///

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
SAN RAMON, CA
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

6

**ANSWER TO HARTFORD INSURANCE COMPANY'S THIRD-PARTY COMPLAINT**
H:\DATA\CUSTOMER\UBI112\Pleadings\Answer 5-28-08.wpd

53. Paragraph 53 contains conclusions of law, to which no response is required. To the extent that paragraph 53 contains factual allegations, they are denied.

54. Paragraph 54 contains conclusions of law, to which no response is required. To the extent that paragraph 54 contains factual allegations, they are denied.

WHEREFORE, ITG prays for dismissal of the Third-Party Complaint and entry of Judgment against Third-Party Plaintiff HARTFORD.

## DEMAND FOR JURY TRIAL ON THIRD-PARTY CLAIMS

ITG hereby demands a jury trial on all Third-Party Claims for which jury trial is allowed by law.

Dated: May 28, 2008

**RYAN & LIFTER**
A Professional Corporation


By .............................
   MICHAEL J. DALEY
Attorneys for Third-Party Defendant
ITG TRANSPORTATION SERVICES, INC.

**ANSWER TO HARTFORD INSURANCE COMPANY'S THIRD-PARTY COMPLAINT**
H:\DATA\CUSTOMER\UBI112\Pleadings\Answer 5-28-08.wpd

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
SAN RAMON, CA
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

**PROOF OF SERVICE**

I, KAREN GILBERT, declare that I am over the age of 18 years and not a party to the within action; that my business address is 2010 Crow Canyon Place, Suite 330, San Ramon, California 94583-1344; and that on this date I served a true copy of the foregoing document(s) entitled:

**ANSWER TO HARTFORD FIRE INSURANCE COMPANY'S THIRD-PARTY COMPLAINT**

on all parties in this action by:

_____ (By Overnight Courier) I caused each envelope, with postage fully prepaid, to be sent by _____.

_____ (By Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Ryan & Lifter.

_____ (By Hand) I caused each envelope to be delivered by hand to the offices listed above.

_____ (By Facsimile) I caused each document to be sent by Automatic Telecopier to the number as indicated above.

_____ (By E-Mail) I caused each document to be sent by E-Mail to the E-Mail address as indicated above.

___X___ (By Electronic Transfer) I caused the above document to be served through CM/ECF addressed to all parties appearing on the electronic service list on the date executed below. The file transmission was reported as complete and a copy of the file & serve filing receipt" page will be maintained with the original document(s) in our office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2008 in San Ramon, California.

_____
KAREN GILBERT

**ANSWER TO HARTFORD INSURANCE COMPANY'S THIRD-PARTY COMPLAINT**
H:\DATA\CUSTOMER\UBI112\Pleadings\Answer 5-28-08.wpd