1    Elise Shibles, Esq.
     **SANDLER, TRAVIS & ROSENBERG**
2    **AND GLAD & FERGUSON, P.C.**
     505 Sansome Street, Suite 1475
3    San Francisco, CA  94111
     Telephone: (415) 986-1088
4    Facsimile:  (415) 986-2271
     *Attorneys for W.E.S.T. Forwarding Services*

5    Edward M. Joffe, *Of Counsel\**
6    Florida Bar No. 314242
     **SANDLER, TRAVIS & ROSENBERG, P.A.**
7    The Waterford - Suite 600
     5200 Blue Lagoon Drive
8    Miami, Florida 33126
     Tel.    (305) 267-9200
9    Fax    (305) 267-5155
10   Email:   ejoffe@strtrade.com

11   * Not admitted in California; pro hac vice application submitted 06/06/08

12
                    UNITED STATES DISTRICT COURT
13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**W.E.S.T. Forwarding Services Counterclaim Against Mason and Dixon Intermodal, Inc.**

| | |
|---|---|
| MASON AND DIXON INTERMODAL, INC., | Case No. CV-08-1232-VRW |
|      Plaintiff, | |
|     v. | **W.E.S.T. FORWARDING SERVICES** |
| LAPMASTER INTERNATIONAL, LLC AND | **COUNTERCLAIM AGAINST** |
| HARTFORD INSURANCE CO. | **MASON AND DIXON** |
|      Defendants. | **INTERMODAL, INC.** |
| LAPMASTER INTERNATIONAL, LLC | |
|      Counterclaimant, | |
|     v. | |
| MASON AND DIXON INTERMODAL, INC., | |
|      Counterclaimant. | |
| | |
| | |
| HARTFORD FIRE INSURANCE COMPANY, | |
| individually and as subrogee of Lapmaster | |
| International LLC., | |
|      Third-Party Plaintiff, | |
|     v. | |
| ITG TRANSPORTATION SERVICES, INC.; | |
| WORLD EXPRESS SHIPPING, | |
| TRANSPORTATION AND FORWARDING | |
| SERVICES, INC. d/b/a/ W.E.S.T. FORWARDING | |
| SERVICES; DOES 1 through X, inclusive | |
|      Third-Party Defendants. | |
| | |
| AND RELATED CROSS-ACTION | |

Third-Party Defendant, W.E.S.T. Forwarding Services, Inc. ("W.E.S.T."), by and through its undersigned counsels, hereby files its Counterclaim against Mason and Dixon Intermodal, Inc. ("Mason"), and states as follow:

-2-

W.E.S.T. Forwarding Services Counterclaim Against Mason and Dixon Intermodal, Inc.

**JURISDICTION VENUE**

1.  Jurisdiction of this Counterclaim is based on 28 U.S.C. §§ 1331 and 1333, in that the Counterclaim relates to cargo damage and presents a federal question under federal common law and/or federal statutes.  This Court also has supplemental jurisdiction over W.E.S.T.'s claims against Mason because these claims result from a common nucleus of operative facts and relate to the federal claims alleged in the Complaint and Counterclaim.

2.  W.E.S.T is informed and believes and on that basis alleges that this Court also has jurisdiction of this Counterclaim based on diversity of citizenship, in that this is a civil action between citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**PARTIES**

3.  W.E.S.T. is, and was at all relevant times, an Illinois corporation with its principal place of business in the State of Illinois.

4.  W.E.S.T. is informed and believes, and on that basis, alleges that Mason is, and was at all relevant times, a corporation organized under the laws of Michigan, with its principal place of business in Warren, Michigan.

**GENERAL ALLEGATIONS**

5.  Upon information and belief Lapmaster sold a Precision Flat Lapping Machine and a Precision Flat Polishing Machine ("the Machines") to Hayward Quartz Technology, Inc.

6.  The Machines were shipped from Japan by Hamai Co., Ltd., and transported by Ocean Vessel Cosco Hong Kong from the Port of Yokohama, Japan pursuant to Waybill No. Y05F4451887 and other documents to the Port of Oakland, California.

7.  At Oakland, California, W.E.S.T. arranged for motor transport of the Machines from Oakland to Fremont, California through ITG.

8.  On or about December 27, 2007, Mason picked up the Machines at the Port of Oakland

and began transporting the same to Fremont, California .

9.    On or about December 27, 2007, Mason negligently, carelessly and recklessly operated and drove their tractor trailer trucks so as to cause the tractor trailer trucks and Machines, as cargo, to collide with certain overpasses on Interstate 880 in California.

10.    The negligent, careless and reckless operation of the tractor trailer trucks and carriage of the cargo by Mason and its agents proximately caused damage to the Machines, and other damages, losses and expenses.

11.    Upon information and belief, Hartford issued an insurance policy to its insured Lapmaster under policy number 83 UUQ RZ2879.

12.    Upon information and belief, as a result of a collision causing damage to the Machines, Lapmaster filed a claim for loss under the policy with Hartford, and Hartford compensated Lapmaster for its costs, losses and expenses.  Subsequently, Lapmaster and Hartford have filed actions against W.E.S.T. for their damages.  To the extent that W.E.S.T. is or may become liable, it is entitled to obtain recovery and reimbursement from Mason.

### FIRST COUNTERCLAIM

### (Breach of Bailment Contract)

13.    Counterclaim alleges and incorporates by reference each and every allegation contained above as thought fully set forth herein.

14.    At all relevant times herein, W.E.S.T., as an agent of Lapmaster, entrusted the Machines to Mason for purposes of transporting the Machines from the Port of Oakland to Fremont, California.

15.    On or about December 27, 2007, W.E.S.T. entrusted the Machines to Mason.

16.    Mason picked up the Machines at the Port of Oakland in excellent condition.

17.    A bailment contract was created between W.E.S.T. and Mason by virtue of W.E.S.T. entrusting the Machine to Mason in exchange for payment. Mason accepted possession and custody of

the machines.

18.    Under the law of bailments, and/or under the terms of the bailment, Mason impliedly and/or expressly promised to delivery the Machines in the same condition as at the time of pickup.

19.    W.E.S.T. is informed and believes and thereof alleges that Mason, on or about December 27, 2007, breached the agreement by, but not limited to, negligently, recklessly, carelessly, wantonly entrusted and/or operated the tractor trailer truck so as to collide and strike an overpass on the 880 Freeway near Oakland, California.

20.    On or about December 27, 2007, Mason, breached the bailment contract by, but not limited to, failing to deliver the Machines in the same conditions as picked up.

21.    W.E.S.T. duly informed all conditions, covenants and requirements on its part to be performed in a timely manner or, alternatively, has been excused from such performance on account of Mason's breach.

22.    As a result of Mason's breach of bailment agreement, W.E.S.T. may suffer loss when the Machines suffered severe property damage and were eventually declared a total loss.

23.    As a direct and proximate result of the Mason's conduct in breaching the bailment agreement, W.E.S.T. may sustain damages in an amount to be proven at the time of trial.

## SECOND COUNTERCLAIM

### (Breach of Transportation Contract)

24.    Counterclaim alleges and incorporates by reference each and every allegation contained above as thought fully set forth herein.

25.    The matter complained of herein and the liability of Mason is predicated, inter alia, upon the transportation of property by Mason under 49 U.S.C. §§ 13702 and 13706, and 49 U.S.C. § 14706.

26.    On or about December 27, 2007, Mason entered into and accepted a contract for the transport of the Machines from the Port of Oakland, California to Fremont, California.

-5-

27.    On or about December 27, 2007, Mason accepted the Machines for transport.

28.    On or about December 27, 2007, Mason drivers collided with certain overpasses on Interstate 880 near Oakland, California.

29.    In accordance with 49 U.S.C. §§ 13702 and 13706 and 49 U.S.C. § 14706, Mason is obligated to pay for the damages it caused to the Machines.

30.    W.E.S.T. has performed all the terms and conditions required.

31.    Despite the timely demand for reimbursement, Mason refused to pay for the damaged Machines and instead initiated litigation against Lapmaster and Hartford seeking declaratory relief under COGSA.

32.    Mason is liable pursuant to the terms of the agreement and 49 U.S.C. §§ 13706 and 13707, and 49 U.S.C. § 14706.

33.    The unpaid amounts owed are liquidated amounts which became due on specified dates; thus, Counterclaimant is entitled to pre-judgment interest on all such obligations from dates on which they became due through the date of judgment.

## THIRD COUNTERCLAIM

### (Implied Indemnity)

34.    Counterclaim alleges and incorporates by reference each and every allegation contained above as thought fully set forth herein.

35.    W.E.S.T. is informed and believes and on that basis alleges that they are entitled to implied indemnity, based on the agreements referred to above and principles or maritime and federal common law.  A right to indemnity for the damages, losses and expenses is implied, if not express, in the terms of the agreements between the parties.

## FORTH COUNTERCLAIM

### (Equitable Indemnity)

36.    Counterclaim alleges and incorporates by reference each and every allegation

-6-

contained above as thought fully set forth herein.

37.     W.E.S.T. is entitled to equitable indemnity from Mason under California law, for damages to the Machines and all other damages, losses and expenses incurred by Counterclaim action in connection with the accident alleged above.  Counterclaim is entitled to such equitable indemnity by virtue of the relationship of the parties, in which Mason, as the motor carrier of the Machines from Oakland to Fremont, had control over the cargo and the instrumentalities of delivery, and Mason and its agents or subagents were negligent or otherwise at fault, proximately causing the Machines damages and other damages, losses and expenses alleged above.

## FIFTH COUNTERCLAIM

### (Negligence)

38.     Counterclaim alleges and incorporates by reference each and every allegation contained above as thought fully set forth herein.

39.     Mason. and its employees, agents and subagents had a duty to use reasonable care and take reasonable industry-wide precautions during its transport of the Machine.

40.     Mason and its agents and subagents were negligence in their transport of the Machines by failing to use reasonable care and take reasonable precautions such as measuring its load and causing the Machines to collide with certain highway overpasses.

41.     Mason's negligence proximately caused or contributed to the Machines being damage and the other damages, losses and expenses alleged above.

42.     W.E.S.T. is therefore entitled to recover damages from Mason, as the carrier of the Machines from Oakland to Fremont.

## SIXTH COUNTERCLAIM

### (Negligence Per Se)

43.     Counterclaim alleges and incorporates by reference each and every allegation contained above as thought fully set forth herein.

44.     On or about December 27, 2007, Mason owed a duty of care, as defined by federal, state and local statutes, rules, codes and regulations, including, but not limited to California Vehicle Code § 35250 (Maximum Vehicle or Load Height).

45.     Mason willfully or otherwise breach the duties of care defined by federal, state and local statutes, rules, codes and regulations, all of which were owed to the public and Lapmaster International, LLC ("Lapmaster").

46.     Mason is in a class sought to be protected by the applicable federal, state, and local statutes, rules, codes and regulations, and the type of damages suffered by Counterclaimant are the type of harm sought to be prevented by applicable federal, state and local statutes, rules, codes and regulations.

47.     As direct and proximate result of Mason's conduct in breaching the duties set forth by applicable federal, state, and local statutes, rules, codes and regulations, Counterclaimant may sustain damages in an amount to be proven at the time of trial.

**WHEREFORE**, Counterclaim prays for judgment against the Counter-defendant Mason as follows:

A.     For the amount of damages Lapmaster suffered from the accident involving the Machines, for which it may become liable as proven at trial;

B.      For cost and attorneys fees permitted by law;

C.     For prejudgment interest as permitted by law, including, but not limited to, California Civil Codes §§ 3287 and 3288; and

D.     For such other relief as this Court deems just and fair.

### DEMAND FOR JURY TRIAL ON COUNTERCLAIMS

W.E.S.T. hereby demands a jury trial on all Counterclaims for which jury trial is allowed by law.

Dated: June 16, 2008

Respectfully submitted,

**SANDLER, TRAVIS & ROSENBERG, P.A.**
**And GLAD & FERGUSON, PA**
505 Sansome Street, Suite 1475
San Francisco, CA 94111
Tel: 415-986-1088
Fax: 415-986-2271
Email: eshibles@strtrade.com

By: /s/Elise Shibles
    ELISE SHIBLES
    *Attorneys for W.E.S.T. Forwarding Services*

Edward M. Joffe, *Of Counsel*\*
Florida Bar No. 314242
**SANDLER, TRAVIS & ROSENBERG, P.A.**
The Waterford - Suite 600
5200 Blue Lagoon Drive
Miami, Florida 33126
Tel.    (305) 267-9200
Fax    (305) 267-5155
Email:  ejoffe@strtrade.com

\* Not admitted in California; pro hac vice application submitted 06/06/08

W.E.S.T. Forwarding Services Counterclaim Against Mason and Dixon Intermodal, Inc.

**PROOF OF SERVICE**

I, Elise Shibles, declare under penalty of perjury that the following facts are true and correct:

I am employed by the law firm of Sandler, Travis & Rosenberg and Glad & Ferguson, P.A., whose address is 505 Sansome Street, Suite 1475, San Francisco, CA 94111.  I am over the age of 18 years, and not a party to this action.

On June 16, 2008, I served the following document:

**W.E.S.T. FORWARDING SERVICES COUNTERCLAIM AGAINST
MASON AND DIXON INTERMODAL, INC.**

by the CM/ECF notification system to the following attorneys of record:

**Matthew S. Conant, Esq.**
Email: msc@llcllp.com

**Jeffrey D. Cohen, Esq.**
Email: jcohen@freightlaw.net

**Lori Ann Sebransky**
Email: las@llcllp.com

**John F. Hughes**
Email: jhughes@gordonrees.com

**Christopher James Brennan**
Email: cbrennan@blwlawfirm.com

**Michael Joseph Daley**
Email: mdaley@rallaw.com

**Paul Keenan, Esq.**
Email: pkeenan@freightlaw.net

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this proof of service was executed on June 16, 2008, at San Francisco, CA.

/s/ Elise Shibles
Elise Shibles

W.E.S.T. Forwarding Services Counterclaim Against Mason and Dixon Intermodal, Inc.