| | |
|---|---|
| 1 | JEFFREY D. COHEN  
jcohen@freightlaw.net  
KEENAN COHEN & HOWARD P.C.  
One Pitcairn Place  
165 Township Line Road, Suite 2400  
Philadelphia, PA 19046  
Telephone: (215) 609-1110  
Facsimile: (215) 609-1117  

Attorneys for Plaintiff  
MASON AND DIXON INTERMODAL, INC. | JOHN F. HUGHES  
jhughes@gordonrees.com  
GORDON & REES, LLP  
275 Battery Street, 20th Floor  
San Francisco, CA 94111  
Telephone: (415) 986-5900  

Attorneys for Defendant  
LAPMASTER INTERNATIONAL, LLC |

CHRISTOPHER JAMES BRENNAN
cbrennan@blwlawfirm.com
BAUMAN LOEWE WITT & MAXWELL, PLLC
8765 East Bell Road, Suite 204
Scottsdale, AZ 85260
Telephone: (480) 502-4664
Facsimile: (480) 502-4774

Attorneys for Defendant
HARTFORD INSURANCE CO.

MICHAEL JOSEPH DALEY
mdaley@rallaw.com
RYAN & LIFTER
2010 Crow Canyon Place, Suite 330
San Ramon, CA 94583-1344
Telephone: (925) 884-2080

Attorneys for Third Party Defendant
ITG TRANSPORTATION

EDWARD MARTIN JOFFE
ejoffe@strtrade.com
SANDLER TRAVIS & ROSENBERG P.A.
5200 Blue Lagoon Drive, Suite 600
The Waterford
Miami, FL 33126
Telephone: (305) 267-9200

Attorneys for Third Party Defendant
W.E.S.T. FORWARDING SERVICE

1                                                                                       Case No. 3:08-cv-01232-VRW

JOINT CASE MANAGEMENT STATEMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MASON AND DIXON INTERMODAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LAPMASTER INTERNATIONAL, LLC and HARTFORD INSURANCE CO.,<br><br>Defendants. | Case No. 3:08-cv-01232-VRW<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-entitled action jointly submit this Status Report.

**DESCRIPTION OF THE CASE**

1. **Jurisdiction and Service:** *(The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.)*

Mason Dixon Entry:

The Court has subject-matter jurisdiction over Plaintiff's action for declaratory judgment, and Defendants' counterclaims, pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 because an actual controversy exists between the parties, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

As to Plaintiff and Defendants, no issues exist regarding lack of personal jurisdiction or improper venue.

Hartford and Lapmaster Entry:

This Court has jurisdiction over Hartford and Lapmaster's claims for declaratory relief under 28 U.S.C. section 2201, and supplemental jurisdiction over the state laws claims.

1  WEST Entry:

2      WEST objects to personal jurisdiction and venue of both Third Party actions brought
3  against it. The contract between Lapmaster and WEST has a forum selection clause, which
4  provides:

> 21. Governing Law: Consent to Jurisdiction and Venue. These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Ohio without giving consideration to principals [sic] of conflict law. The customer agrees as follows:
> (a)    irrevocably consents to the jurisdiction of the United States District Court and the State Courts of Ohio.
> (b)    Agrees that any action relating to the services performed by Company shall only be brought in said courts.
> (c)    Consent to the exercise of in personam jurisdiction by said courts over it, and
> (d)    Further agrees that any action to enforce a judgment may be instituted in any jurisdiction.

ITG Entry:

    The Court does not have Jurisdiction over the State Law claims, and there is not complete Diversity of Citizenship. The Court should realign the parties to determine diversity, which would require the Court to find that complete diversity does not exist between Third Party Complainant Lapmaster and Third Party Defendant ITG, both of whom are citizens of Illinois.

**2.**     **Facts:** *(A brief chronology of the facts and a statement of the principal factual issues in dispute.)*

    The claims and counterclaims in this matter involve damage to two pieces of equipment, a Precision Flat lapping machine and a Precision Flat Polishing Machine, ("Machines"). The machines were transported via ocean carrier from Hamai Co., Ltd. in Tokyo, Japan destined for Hayward Quartz Technology, Inc. located in Fremont, California. The transportation occurred in December of 2007. The Machines struck a highway overpass during transport from the port in Oakland, to the location of Hayward Quartz Technology's facility in Fremont.

The factual issues in dispute include:

A. The terms governing the transportation of the Machines.

B. Notice provided to the carrier regarding the size of the Machines.

C. Applicability of a limitation of liability.

D. The cause and amount of the alleged damage to the Machines.

**3.** **Legal Issues:** *(A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decision.)*

The disputed points of law are:

A. Whether a limitation of liability applies.

B. Standing of any claimant to assert a claim

C. Whether the forum selection clause between Lapmaster and WEST is enforceable.

**4.** **Motions:** *(All prior and pending motions, their current status, and any anticipated motions.)*

There are no prior or pending motions. MDII expects that motions for summary judgment will be filed upon the completion of discovery.

On or before July 31, 2008, WEST plans to file a motion to dismiss for lack of personal jurisdiction based upon the forum selection clause.

**5.** **Amendment of Pleadings:** *(The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.)*

At this time, the parties do not anticipate the addition of claims, defenses or other parties. The parties propose that any amendments to pleadings must be filed on or before: December 15, 2008.

In defense of the Third-Party Complaints brought by both Lapmaster International and Hartford Fire Insurance Company, WEST seeks to limit of the damages to $50 per entry, the

limitation of liability as sets forth in paragraph 9 of its agreement with Lapmaster.

In its counterclaim against Mason and Dixon, WEST seeks indemnity for any claims under the following theories: breach of transportation and bailment contracts, implied indemnity, equitable indemnity, negligence and negligence per se.

ITG intends to file a Third Party Complaint for indemnity against the Plaintiff and Third Party Defendants.

**6.  Evidence Preservation:** *(Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document destruction program and any ongoing erasures of e-mails, voice mails, and other electronically recorded material.)*

The parties have or will issues preservation notices to their clients. The parties will make a good faith effort to examine and document the Machines by August 22, 2008.

**7.  Disclosures:** *(Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.)*

The parties will supply initial disclosures on or before July 17, 2008.

**8.  Discovery:** *(Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and the proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).)*

See the parties' Joint Discovery Plan.

**9.  Class Actions:** *(If this is a class action, a proposal for how and when the class will be certified.)*

Not applicable.

**10.  Related Cases:** *(Any related cases or proceedings pending before another judgment of this court, or before another court or administrative body.)*

There are no related cases or proceedings.

11. **Relief:** *(All relief sought through complaint or counterclaim, including the damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.)*

Plaintiff seeks a declaratory judgment that a contract of carriage for the transportation of the Machines governs the liability of MDII and that under the terms of the contract MDII's liability is limited to $500.00 per Machine.

Lapmaster and Hartford seek a declaratory judgment that there is no limitation on the liability of those responsible for causing or contributing to the damage to the equipment in question. Lapmaster also seeks damages in the amount of approximately $75,000 from MDII, ITG and W.E.S.T. Forwarding, which represents the unreimbursed losses incurred as a result of the subject accidents, as well as damages for loss of prospective economic advantage and opportunity as a result of the loss and delays caused to the subject equipment. Hartford made payments to and on behalf of its insured, Lapmaster International, LLC. Pursuant to the doctrine of subrogation, Hartford steps into the shoes of its insured and seeks recovery of the payments it has made to date, or $839,556.11, inclusive of Lapmaster's $10,000.00 deductible but exclusive prejudgment interest.

ITG seeks dismissal of the Third Party Complaints.

12. **Settlement and ADR:** *(Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.)*

There have not been any ADR efforts to date and at this time the parties view the prospect for settlement as low. ADR may assist the parties in negotiating a settlement after the parties complete discovery and the Court decides any summary judgment motions.

**13.    Consent to Magistrate Judge For All Purposes:** *(Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.)*

All parties have not consented to have a magistrate judge conduct all further proceedings.

**14.    Other References:** *(Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.)*

This matter is not suitable for reference to binding arbitration, a special master or the JPML.

**15.    Narrowing of Issues:** *(Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial.)*

At this time, the parties are unable to identify issues that can be narrowed by agreement; however, a motion for summary judgment regarding the application of a limitation of liability would narrow the issues. To the extent possible, the parties will endeavor via stipulations and other means to narrow issues and expedite presentation of evidence at trial.

**16.    Expedited Schedule:** *(Whether this is a type of case that can be handled on an expedited basis with streamlined procedures.)*

This matter cannot be handled on an expedited basis with streamlined procedures.

**17.    Scheduling:** *(Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.)*

The parties' proposed dates for scheduling are set forth in the proposed Joint Discovery Plan accompanying this Joint Case Management Statement.

**18.    Trial:** *(Whether the case will be tried to a jury or to the court and the expected length of the trial.)*

Defendants have requested a jury trial. The expected length of the trial is: 10-12 days.

**19.** **<u>Disclosure of non-party Interested Entities or Persons:</u>** *(Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.* ***In addition****, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either; (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.)*

Mason and Dixon Intermodal, Inc. and Hartford Fire Insurance Co. have filed Certifications of Interested Entities or Persons Pursuant to Civil Local Rule 3-16.

MDII has identified its parent corporation Universal Truckload Services, Inc. as an interested entity.

Hartford Insurance Co. is not aware of persons other than the named parties that are interested entities or persons.

Hartford and Lapmaster are not aware of any interested parties other than the parties to this litigation, except perhaps Import Transportation which may be the employer of one of the drivers involved in the two accidents which are the subject to this litigation.

ITG is not aware of any interested parties other than those already parties to the action. ITG will file a Certification pursuant to Local Rule 3-16 by June 27, 2008.

1  **20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

3  None.

4  Dated: June 25, 2008

| KEENAN COHEN & HOWARD P.C. | GORDON & REES, LLP |
|---|---|
| By: /s/ Jeffrey D. Cohen<br>Jeffrey D. Cohen<br>Attorneys for Plaintiff<br>MASON AND DIXON INTERMODAL, INC. | By: /s/ John F. Hughes<br>John F. Hughes<br>Attorneys for Defendant<br>LAPMASTER INTERNATIONAL, LLC |
| BAUMAN LOEWE WITT & MAXWELL, PLLC | RYAN & LIFTER |
| By: /s/ Christopher James Brennan<br>Christopher James Brennan<br>Attorneys for Defendant<br>HARTFORD INSURANCE CO. | By: /s/ Michael Joseph Daley<br>Michael Joseph Daley<br>Attorneys for Third Party Defendant<br>ITG TRANSPORTATION |
| SANDLER TRAVIS & ROSENBERG P.A. | |
| By: /s/ Edward Martin Joffe<br>Edward Martin Joffe<br>Attorneys for Third Party Defendant<br>W.E.S.T. FORWARDING SERVICE | |

# **CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on June 25, 2008, a true and correct copy of the foregoing Joint Case Management Statement and Proposed Order was filed electronically. Notice of this filing will be sent to the following parties, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| John F. Hughes, Esquire<br>Gordon & Rees, LLP<br>275 Battery Street, 20th Floor<br>San Francisco, CA  94111 | Christopher James Brennan, Esquire<br>Bauman Loewe Witt & Maxwell, PLLC<br>8765 East Bell Road, Suite 204<br>Scottsdale, AZ  85260 |
| Michael Joseph Daley, Esquire<br>Ryan & Lifter<br>2010 Crow Canyon Place, Suite 330<br>San Ramon, CA  94583-1344 | Edward Martin Joffee, Esquire<br>Sandler Travis & Rosenberg P.A.<br>5200 Blue Lagoon Drive, Suite 600<br>The Waterford<br>Miami, FL  33126 |
| Elise Ann Shilbes, Esquire<br>Sandler Travis & Rosenberg P.A.<br>505 Sansome Street, Suite 1475<br>San Francisco, CA  94111 | |

By:   /s/ Jeffrey D. Cohen
      Jeffrey D. Cohen