UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MASON AND DIXON INTERMODAL, INC.

    Plaintiff,

v.

LAPMASTER INTERNATIONAL, LLC and
HARTFORD FIRE INSURANCE CO.

    Defendants.

Case No. CV-08-1232-MEJ

LAPMASTER INTERNATIONAL, LLC,

    Counter-Claimant,

v.

MASON AND DIXON
INTERMODAL, INC.,

    Counter-Defendant.

AND RELATED THIRD-PARTY ACTIONS

## ANSWER BY PLAINTIFF MASON AND DIXON INTERMODAL, INC. TO COUNTERCLAIM OF THIRD PARTY DEFENDANT W.E.ST. FORWARDING SERVICES

Plaintiff and Counterclaim Defendant Mason and Dixon Intermodal, Inc. ("MDII") by and through its attorneys, hereby answers W.E.S.T. Forwarding Services' Counterclaim against Mason and Dixon Intermodal, Inc. (the "Counterclaim") as follows:

### (JURISDICTION AND VENUE)

1.    Admitted in part and denied in part. Plaintiff MDII admits the allegations of Paragraph 1 of the Counterclaim except it denies that supplemental jurisdiction exists as to state law claims because those claims are pre-empted by federal law.

2. Admitted.

### (PARTIES)

3. MDII is without sufficient knowledge or information to admit or deny the allegations in paragraph 3 of the Counterclaim and they thus are denied.

4. Admitted.

### (GENERAL ALLEGATIONS)

5. MDII has insufficient knowledge or information to admit or deny the allegations of Paragraph 5 of the Counterclaim and they thus are denied. MDII demands strict proof of the allegations at trial.

6. MDII has insufficient knowledge or information to admit or deny the allegations of Paragraph 6 of the Counterclaim and they thus are denied. MDII demands strict proof of the allegations at trial.

7. MDII has insufficient knowledge or information to admit or deny the allegations of Paragraph 7 of the Counterclaim and they thus are denied. MDII demands strict proof of the allegations at trial.

8. Admitted.

9. Denied. Paragraph 9 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 9 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

10. Denied. Paragraph 10 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 10 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

11. MDII has insufficient knowledge or information to admit or deny the allegations of Paragraph 11 of the Counterclaim and they thus are denied. MDII demands strict proof of the allegations at trial.

12. Admitted in part and denied in part. It is admitted only that Lapmaster and Hartford have filed actions against World Express Shipping, Transportation and Forwarding Services, Inc. d/b/a W.E.S.T. Forwarding Services ("W.E.S.T."). MDII has insufficient knowledge or information to admit or deny the allegations in Paragraph 12 that "Lapmaster filed a claim for loss under the policy with Hartford, and Hartford compensated Lapmaster for its costs, losses and expenses," and the allegations thus are denied. As to the remaining averments in Paragraph 12 of the Counterclaim, they constitute conclusions of law to which no response is required and are deemed to be denied.

### (FIRST COUNTERCLAIM)
### (Breach of Bailment Contract)

13. Plaintiff MDII incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

14. Denied. To the contrary, MDII transported the Machines from Oakland to Fremont, California as a subcontractor of Nippon Express and transported them as part of their movement from Japan to their final destination of Fremont, CA, the location of the consignee Hayward Quartz Technology, Inc.

15. Denied. To the contrary, MDII transported the Machines from Oakland to Fremont, California as a subcontractor of Nippon Express and transported them as part of their movement from Japan to their final destination of Fremont, CA, the location of the consignee Hayward Quartz Technology, Inc.

16. MDII has insufficient knowledge or information to admit or deny the allegations of Paragraph 16 of the Counterclaim and they thus are denied. MDII demands strict proof of the allegations at trial.

17. Admitted in part and denied in part. It is admitted only that MDII accepted possession and custody of the machines. The remaining averments of paragraph 17 of the Counterclaim constitute conclusions of law to which no response is required. To the extent that the remaining averments contain factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

18. Paragraph 18 of the Counterclaim contains conclusions of law to which no response is required and are deemed to be denied.

19. Paragraph 19 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 19 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

20. Paragraph 20 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 20 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

21. Paragraph 21 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 21 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

22. Paragraph 22 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 22 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

23. Paragraph 23 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 23 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

### (SECOND COUNTERCLAIM)
### (Breach of Transportation Contract)

24. Plaintiff MDII incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

25. Paragraph 25 of the Counterclaim contains conclusions of law to which no response is required. To the extent factual allegations are pled, they are denied.

26. Denied as stated. On or about December 27, 2007, Nippon Express hired MDII as a subcontractor to complete the transport of the Machines from Japan to their destination of Fremont, California, the location of the consignee Quartz Technology.

27. Admitted.

28. Admitted.

29. Paragraph 29 of the Counterclaim contains conclusions of law to which no response is required. To the extent factual allegations are pled, they are denied.

30. Paragraph 30 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 30 contains factual allegations, MDII is without sufficient knowledge or information to admit or deny the allegations and they thus are denied.

31. Admitted in part and denied in part. It is admitted that MDII initiated litigation against Lapmaster and Hartford seeking declaratory relief under COGSA. MDII is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31 of the Counterclaim and they thus are denied.

32. Paragraph 32 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 32 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

33. Paragraph 33 of the Counterclaim contains conclusions of law to which no response is required. To the extent factual allegations are pled, they are denied.

### (THIRD COUNTERCLAIM)
### (Implied Indemnity)

34. Plaintiff MDII incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

35. Paragraph 35 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 35 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

### (FOURTH COUNTERCLAIM)
### (Equitable Indemnity)

36. Plaintiff MDII incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

37. Paragraph 37 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 37 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

### (FIFTH COUNTERCLAIM)
### (Negligence)

38. Plaintiff MDII incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

39. Paragraph 39 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 39 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

40. Paragraph 40 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 40 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

41. Paragraph 41 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 41 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

42. Paragraph 42 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 42 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

### (SIXTH COUNTERCLAIM)
### (Negligence Per Se)

43. Plaintiff MDII incorporates by reference the foregoing paragraphs of this Answer as if set forth in full.

44. Paragraph 44 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 44 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

45. Paragraph 45 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 45 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

46. Paragraph 46 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 46 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

47. Paragraph 47 of the Counterclaim contains conclusions of law to which no response is required. To the extent that Paragraph 42 contains factual allegations, they are specifically denied and MDII demands strict proof of the allegations at trial.

## AFFIRMATIVE DEFENSES

1. Counterclaimant W.E.ST. Forwarding Services fails to state a claim, in whole or part, against MDII upon which relief can be granted.

2. Any damages allegedly sustained by W.E.ST. Forwarding Services are the result of acts, errors or omissions or breaches by other third-parties, persons or entities over which MDII has no responsibility or control.

3. W.E.ST. Forwarding Services has failed to satisfy conditions precedent for pursuing the claims set forth in its Counterclaim.

4. To the extent that W.E.ST. Forwarding Services has incurred any losses or damages, it has failed to mitigate said losses or damages.

5. W.E.ST. Forwarding Services has failed to aver facts necessary for recovery of lost profits, incidental, consequential, special and punitive damages.

6. The alleged damage to the freight at issue was caused in whole or in part by inadequate packaging and securing of goods, which failed to comply with minimum requirements for interstate transportation by motor carrier.

7. W.E.ST. Forwarding Services' claims, asserted in Counts I and Counts III through VI of the Counterclaim, are preempted by, and subject to the terms of, the Carmack Amendment to the Interstate Commerce Act.

8. The alleged damage to the freight at issue was caused in whole or in part by improper documentation, inadequate instructions, and the oversight, errors, and negligence of W.E.S.T. Forwarding Services or its agents.

9. W.E.ST. Forwarding Services' claims are barred and/or limited pursuant to the terms of the applicable Bill of Lading, applicable tariffs and contractual limitations.

10. W.E.ST. Forwarding Services lacks standing to pursue the claims alleged in its Counterclaim.

11. MDII reserves its right to assert any additional defenses that may arise through discovery or otherwise.

WHEREFORE, Plaintiff and Counterdefendant Mason Dixon Intermodal, Inc. prays for dismissal of the Counterclaim, and the entry of judgment against counterclaimant World Express Shipping, Transportation and Forwarding Services, Inc. d/b/a W.E.S.T. Forwarding Services.

                              **KEENAN COHEN & HOWARD P.C.**

By: _/s/ Jeffrey D. Cohen_
Jeffrey D. Cohen, Esquire
One Pitcairn Place
165 Township Line Road, Suite 2400
Philadelphia, PA 19046
Telephone: (215) 609-1110
Facsimile: (215) 609-1117

Ronald D. Echeguren
CRESSWELL, ECHEGUREN, RODGERS & NOBLE
180 Grand Avenue, Suite 440
Oakland, California 94612-3741
Telephone: (510) 444-1735
Facsimile: (510) 444-6923

Attorneys for Plaintiff
Mason and Dixon Intermodal, Inc

Dated: July _1_, 2008