MICHAEL J. DALEY, ESQ. (State Bar No.157699)
RYAN & LIFTER
A Professional Corporation
2010 Crow Canyon Place, Suite 330
San Ramon, CA 94583-1344
Tel: (925) 884-2080
Fax: (925) 884-2090

Attorneys for Third-Party Defendant
ITG TRANSPORTATION SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MASON AND DIXON INTERMODAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAPMASTER INTERNATIONAL, LLC and HARTFORD INSURANCE CO., <br><br> Defendants. <br><br> AND RELATED CROSS ACTIONS. | Case No.: C 08-1232 VRW <br><br> JOINDER IN MOTION OF W.E.S.T. FORWARDING SERVICES FOR MOTION TO DISMISS THE HARTFORD FIRE INSURANCE CO. AND LAPMASTERS' THIRD PARTY COMPLAINTS <br><br> (Jury Trial Demanded) <br><br> DATE: 09/11/2008 <br> TIME: 2:20 p.m. <br> COURT: No. 6 <br> Judge Vaughn R. Walker |

Third-Party Defendant, ITG Transportation Services, Inc. ("ITG") joins the Motion to Dismiss the Hartford Fire Insurance Co. and Lapmaster International, LLC's Third Party Complaints filed by W.E.S.T. Forwarding Services, Inc. "("W.E.S.T.") on July 23, 2008, and adopts the requests and the points and authorities contained in the joined motion.

Whether a non-signatory to a contract is bound by the contract's forum selection clause depends on how close the non-party is related to the contractual relationship. *Nureau Ink LLC. v. Zomba Recording LLC*, 2006 U.S.Dist. LEXIS 87240, 16 (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)). Privity of contract entitles ITG to be bound by the same forum selection clause as W.E.S.T. despite the fact that ITG is not a party to the contract with

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE, SUITE 330
SAN RAMON, CA 94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

1                                                                  C08-1232 VRW
JOINDER IN MOTION OF W.E.S.T. FORWARDING SERVICES FOR MOTION TO DISMISS THE HARTFORD FIRE INS. CO. AND LAPMASTER'S 3RD PARTY COMPLAINTS
H:\DATA\CUSTOMER\UBI112\Pleadings\Joinder in Motion of WEST Forwarding Services for Motion to Dismiss.wpd

Lapmaster International, LLC ("Lapmaster"). On or about November 21, 2007, W.E.S.T. made a dispatch order to ITG to retain its transportation services to handle an import shipment of Lapmaster. [Declaration of John Kopp, ¶2.] Because W.E.S.T's dispatch order was made pursuant to its contract with Lapmaster, privity of the contract between W.E.S.T. and Lapmaster extends to ITG. Therefore, ITG satisfies the requirement to enforce the same forum selection clause as W.E.S.T even though it is not a party to the contract with Lapmaster. *Nureau Ink LLC. v. Zomba Recording, supra*, 16. In an addition, Ohio provides a suitable alternative forum for ITG because ITG provides transportation services in Ohio and that Ohio state is far closer than California to its headquarters located in Lisle, Illinois. [Declaration of John Kopp, ¶¶3-4.]

More importantly, W.E.S.T. is an indispensable party to the third-party actions against ITG pursuant to FRCP Rule 19(a). ITG is named as a third-party defendant because it received a dispatch order from W.E.S.T. [Declaration of John Kopp, ¶2.] If the claims against W.E.S.T. are litigated in Ohio while those against ITG remain in California, ITG will suffer a substantial risk of incurring inconsistent obligations against the third-party plaintiffs. *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). In an addition, ITG's interests in the litigation will be significantly prejudiced in that it will be involved in multiple lawsuits in different states for the same subject matter. *See Smith v. United Brotherhood of Carpenters*, 685 F.2d 164 (6th Cir. 1982). Accordingly, relief afforded to W.E.S.T. under a motion to dismiss should also be afforded to ITG because ITG and W.E.S.T. are in the same relative position with regards to the third-party complaints.

Based on the forum selection clause and the fact that W.E.S.T. is an indispensable party to the third-party claims against ITG, ITG duly requests that the Court dismiss the third-party complaints filed by Hartford Insurance Co. and Lapmaster International, LLC against ITG.

Dated: August 1, 2008

RYAN & LIFTER
A Professional Corporation

By ___/s/ Michael J. Daley___
MICHAEL J. DALEY

Attorneys for Third Party Defendant
ITG TRANSPORTATION SERVICES, INC.

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
SAN RAMON, CA
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

2                                C08-1232 VRW
JOINDER IN MOTION OF W.E.S.T. FORWARDING SERVICES FOR MOTION TO DISMISS THE HARTFORD FIRE INS. CO. AND LAPMASTER'S 3RD PARTY COMPLAINTS
H:\DATA\CUSTOMER\UBI112\Pleadings\Joinder in Motion of WEST Forwarding Services for Motion to Dismiss.wpd

# PROOF OF SERVICE

I, ANNETTE DI GIOVANNI, declare that I am over the age of 18 years and not a party to the within action; that my business address is 2010 Crow Canyon Place, Suite 330, San Ramon, California 94583-1344; and that on this date I served a true copy of the foregoing document(s) entitled:

**JOINDER IN MOTION OF W.E.S.T. FORWARDING SERVICES FOR MOTION TO DISMISS THE HARTFORD FIRE INSURANCE CO. AND LAPMASTERS' THIRD PARTY COMPLAINTS; and DECLARATION OF JOHN KOPP IN SUPPORT OF JOINDER**

on all parties in this action by:

_____  (By Overnight Courier) I caused each envelope, with postage fully prepaid, to be sent by _____.

_____  (By Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Ryan & Lifter.

_____  (By Hand) I caused each envelope to be delivered by hand to the offices listed above.

_____  (By Facsimile) I caused each document to be sent by Automatic Telecopier to the number as indicated above.

_____  (By E-Mail) I caused each document to be sent by E-Mail to the E-Mail address as indicated above.

__X__  (By Electronic Transfer) I caused the above document to be served through CM/ECF addressed to all parties appearing on the electronic service list on the date executed below. The file transmission was reported as complete and a copy of the file & serve filing receipt" page will be maintained with the original document(s) in our office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2008 in San Ramon, California.

*/s/ Annette Di Giovanni*
ANNETTE DI GIOVANNI

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
SAN RAMON, CA
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

3                                                                                          C08-1232 VRW
JOINDER IN MOTION OF W.E.S.T. FORWARDING SERVICES FOR MOTION TO DISMISS THE HARTFORD FIRE INS. CO. AND LAPMASTER'S 3RD PARTY COMPLAINTS
H:\DATA\CUSTOMER\UB1112\Pleadings\Joinder in Motion of WEST Forwarding Services for Motion to Dismiss.wpd