Christopher J. Brennan, #220072
**BAUMAN LOEWE WITT & MAXWELL, PLLC**
8765 E. Bell Road, Suite 204
Scottsdale, AZ 85260
Telephone: (480) 502-4664
Facsimile: (480) 502-4774
cbrennan@blwlawfirm.com

*Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff, Hartford Fire Insurance Co.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CAIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MASON AND DIXON INTERMODAL, INC.<br>Plaintiff,<br>v.<br>LAPMASTER INTERNATIONAL, LLC and HARTFORD INSURANCE CO.<br>Defendants. | Case No. CV-08-1232-VRW |
| HARTFORD FIRE INSURANCE CO, individually and as subrogee of Lapmaster International, LLC,<br>Counterclaimant,<br>v.<br>MASON AND DIXON INTERMODAL, INC.<br>Counterclaimant. | **HARTFORD FIRE INSURANCE COMPANY'S OPPOSITION TO W.E.ST. FORWARDING SERVICES' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, AND TO ITG TRANSPORTATION SERVICES, INC.'S JOINDER IN SAME; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*(assigned to the Honorable Vaughn R. Walker)*<br><br>Date: September 11, 2008<br>Time: 2:30 p.m.<br>Dept.: 6 |

COMES NOW Defendant, Counterclaimant and Third-Party Plaintiff, Hartford Fire Insurance Company and hereby responds to W.E.S.T. Forwarding Services' Motion to Dismiss or in the Alternative for Summary Judgment and to ITG Transportation Services, Inc's Joinder in Same as follows:

///

## MEMORANDUM OF POINTS AND AUTHORITIES:

### I. BRIEF FACTUAL BACKGROUND:

This matter arises out of two separate trucking accidents that occurred on Interstate 880 in Oakland, California. Mason and Dixon Intermodal, Inc. ("Mason and Dixon"), the trucking company whose two drivers separately collided with the overpass, brought a declaratory relief action against Lapmaster International, LLC ("Lapmaster"), the owner/seller of a lapping machine and a polishing machine that were damaged in the accidents, and Hartford Fire Insurance Company ("Hartford"), the insurance carrier whom indemnified Lapmaster following the accidents. Mason and Dixon contends that the Carriage of Goods by Sea Act ("COGSA") applies thus limiting its liability to Lapmaster and Hartford for the $820,000 in damages caused by Mason and Dixon's drivers.

Lapmaster and Hartford filed Third-Party Complaints against WEST Forwarding Services, Inc. ("WEST") and ITG Transportation Services, Inc. ("ITG") for their role in the transaction. WEST, in turn, filed a counterclaim against Mason and Dixon, also in this judicial district. Upon answering the third party complaint and filing its counterclaim against Mason and Dixon, WEST filed a motion to dismiss arguing that Lapmaster and WEST consented to the jurisdiction of the U.S. District Courts and the State Courts of Ohio. ITG subsequently joined the motion.

### II. THIRD-PARTY DEFENDANTS ARE INDISPENSIBLE:

WEST and ITG are indispensible parties to this litigation. Both entities were involved in arranging for the ground transportation at issue, including the terms and insurance for the same. Federal Rule of Civil Procedure 14, which governs third-party practice, allows a third party complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. Fed.R.Civ.P. 14(a). The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit. *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.,* 512 F.3d 800, 805 (C.A.6 (Ohio),2008).

Here, the third-party defendants seek to transfer a portion of the litigation to Ohio, which

defeats the very purpose of Rule 14, Fed.R.Civ.P. Specifically, WEST and ITG are asking this Court to parcel out the litigation, keeping Mason and Dixon's declaratory relief action in the Northern District of California and transferring the third-party complaints, which derive from the same facts and events, to Ohio. Although not clear, WEST presumably desires to maintain its counterclaim against Mason and Dixon in the Northern District of California. The proposed piecemeal litigation flies in the face of common sense, judicial economy and convenience to the witnesses, the parties and their attorneys.

**III. VENUE PROPER IN NORTHERN DISTRICT OF CALIFORNIA:**

**A. TRUCKING ACCIDENT OCCURRED IN NORTHERN DISTRICT OF CALIFORNIA.**

There is no question that venue in the Northern District of California is proper absent the forum selection clause contained in the "Customs Power of Attorney," attached as Exhibit A to Declaration of Clarie Goldenberg. WEST is a corporation and deemed to reside in any judicial district which it is subject to personal jurisdiction.[1] *See* 28 U.S.C.A. § 1391(c). Whether subject matter jurisdiction is found in diversity (subsection a) or federal question (subsection b), venue is appropriate in Northern District of California inasmuch as the accident giving rise to the damages occurred in the judicial district.

28 U.S.C.A. § 1391 provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a

---

1 Although WEST's motion mentions that the "court lacks personal jurisdiction" (*see* Motion to Dismiss, 3:6-8, 3:13-15), WEST fails to provide any facts or argument why it is not subject to personal jurisdiction in this Court and the motion deals only with venue and the forum selection clause. Notwithstanding, WEST is a customs house broker and an international freight forwarder (*see* Motion to Dismiss, 3:18-19) and certainly minimum contacts exist sufficient to subject WEST to personal jurisdiction.

> judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C.A. § 1391.

The transportation of a lapping machine and a polishing machine between the Port of Oakland and a business (non-party to this lawsuit) located in Freemont, California is the basis of this case. The machines were damaged on southbound I-880 in Oakland after colliding with the 23rd Avenue overpass. Venue is thus proper in this judicial district based on 28 U.S.C.A. § 1391(a)(1) and (2) and § 1391(b)(1) and (2).

**B. DISTRICT COURTS HAVE DISCRETION WHETHER TO TRANSFER A CASE TO ANOTHER VENUE, AND PRESENCE OF A FORUM SELECTION CLAUSE IS MERELY ONE FACTOR FOR THE COURT TO CONSIDER:**

Despite the title to WEST's motion, transfer, rather than dismissal, is the appropriate remedy. As addressed above, Northern District of California is an appropriate venue for this civil action to have been brought. 28 U.S.C.A. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought" (emphasis added). District courts are provided with the discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30, 108 S.Ct. 2239, 2244 (U.S.Ala.,1988), citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812 (1964). Contrary to WEST's motion, a forum selection clause contained in an agreement between parties is not the end of the analysis. As stated by the Supreme Court:

> A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus.
>
> ....
>
> The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences. *Stewart Organization,* 487 U.S. at 29-30.

Here, WEST seeks to enforce a clause contained in an adhesion contract labeled "Governing Law: Consent to Jurisdiction and Venue." (*See* Exhibit A to Declaration of Clarie Goldenberg). The parties' agreement as to venue, as expressed in a forum selection clause for example, should receive neither dispositive consideration nor no consideration. *Stewart Organization,* 487 U.S. at 31. Similarly, plaintiff's choice of forum is a relevant factor for the court's consideration. *Id.* The district court must also weigh in the balance of witness convenience and those public-interest factors of systemic integrity and fairness that come under the headings of "the interests of justice." *Stewart Organization,* 487 U.S. at 30.

Transferring the third-party complaints to Ohio is nonsensical. Venue in Ohio is completely arbitrary. Transferring Lapmaster and Hartford's Third Party Complaints to Ohio serves absolutely no purpose and is not convenient for any of the parties. No witnesses are, or were at the time of the transaction, located in Ohio. The parties' disclosure statements (pursuant to FRCP 26) do not identify one person with knowledge residing in Ohio. None of the parties to the action are located in Ohio, nor are any of the attorneys of record. Lapmaster and WEST are both Illinois companies. *See* Lapmaster Third Party Complaint, ¶ 4 and WEST's Counterclaim against Mason and Dixon, ¶ 3. This case involves two separate trucking accidents occurring in Northern California. The damaged equipment has never been to or through Ohio, nor were arrangements for the ground transportation of the equipment from Oakland to Fremont, California made within Ohio.[2]

More importantly, transferring the third-party complaints to Ohio divides the litigation into two districts, California and Ohio. WEST proposes to keep the main litigation in Northern District of California, and then litigate the third-party complaints against WEST in Ohio. Even more preposterous, WEST proposes that plaintiffs' third-party complaints be litigated in Ohio while the main litigation **<u>including WEST's counterclaim</u>** against Mason and Dixon be decided in

2 Emails exchanged between ITG and WEST regarding the ground transportation involved individuals located within Illinois according to the email "signature"

California. This would require WEST to litigate in two different forums; prosecuting its counterclaim in California and defending plaintiffs' third-party complaints in Ohio.

The discovery and legal issues are the same in the main litigation and plaintiffs' third-party complaints. Allowing identical issues to be decided by different tiers of fact inevitably results in discovery disputes and inconsistent holdings. Pursuant to order of the court, the parties have preliminarily identified the depositions that need to occur before the dispositive motion hearing set for December 18, 2008. These depositions have bearing on both actions (main action and third-party complaints). Should the court transfer the third-party complaints to Ohio, which court (California or Ohio) should hear and resolve a discovery dispute? What if both parties petition the two district courts for a protective order or an order to compel? These questions are just a few examples of why enforcing the forum selection clause and piecemealing the litigation is unreasonable and unjust.

**C. TRANSFER, NOT DISMISSAL, IS APPROPRIATE:**

Dismissal, as it relates to venue, is only proper if the action is in the "wrong" district. As discussed above, however, venue is not improper or "wrong" in the Northern District of California. *See* 28 U.S.C.A. § 1391(a)(1) and (2) and § 1391(b)(1) and (2). Section 1406(a) provides: The district court of a district in which is filed a case laying venue in the **wrong** division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C.A. § 1406(a) (emphasis added). Because venue was proper where the third-party complaints were filed, WEST's motion to dismiss should be denied. The proper motion would have been one requesting a transfer of venue, although that motion would also fail as addressed in the preceding section.

Even assuming, *arguendo*, the Court finds that the subject forum selection clause is not unreasonable or unjust (*See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907 (1972)), and that the third-party complaints were filed in the "wrong" district, the interest of justice dictates that the Court transfer the third-party complaints to Ohio, not dismiss them. *Roberson v. Norwegian Cruise Line*, 897 F.Supp. 1285 (C.D.Cal.1995); *Russo v. Ballard Medical Products*, 352 F.Supp.2d 177 (D.R.I.2005) (Transfer, rather than dismissal provides all parties with an

opportunity for a speedy resolution of the matter, and provides for a more efficient use of judicial resources.); Lafferty v. St. Riel, 495 F.3d 72 (C.A.3 (Pa.) 2007).

**D. VENUE IS NOT DECIDED BY SUMMARY JUDGMENT**

Although requested, WEST's motion for summary judgment fails for the same reasons that its motion to dismiss fails. WEST's motion does not comply with Fed.R.Civ.P. 56(c), does not contain a separate statement of material facts and fails to even identify the legal basis for summary judgment when venue is challenged. WEST fails to demonstrate that there is a genuine issue of material fact undisputed and, therefore, WEST is not entitled to judgment as a matter of law.

**IV. CONCLUSION:**

The motions of WEST and ITG must be denied. ITG and WEST are indispensible parties. The forum selection clause contained in an adhesion contract is but one factor for this Court to take into consideration. The Court should exercise its discretion and keep the action in one piece, thus rejecting the attempt to transfer the third-party complaints to Ohio where no parties, attorneys or witnesses reside.

Dated: August 21, 2008 By: **BAUMAN LOEWE WITT & MAXWELL, PLLC**

/s/ Christopher J. Brennan
*Attorneys for Hartford Fire Insurance Co.*

F:\Hartford\Lapmaster\Pleadings\PA's in Support of oppo to motion to dismiss v 3.doc