JOHN F. HUGHES (SBN 111638)
PETER J. TURCOTTE (SBN 168387)
**GORDON & REES LLP**
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986.5900
Facsimile: (415) 986.8054
jhughes@gordonrees.com
pturcotte@gordonrees.com

Attorneys for Defendant and Counterclaimant
And Third-Party Plaintiff
LAPMASTER INTERNATIONAL LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CAIFORNIA, SAN FRANCISCO DIVISION**

MASON AND DIXON INTERMODAL, INC.,
Plaintiff,
v.
LAPMASTER INTERNATIONAL LLC and HARTFORD INSURANCE CO.
Defendants.

LAPMASTER INTERNATIONAL, LLC,
Counterclaimant,
v.
MASON AND DIXON INTERMODAL, INC.
Counterclaimant.

HARTFORD FIRE INSURANCE COMPANY, individually and as subrogee of Lapmaster International, LLC.,
Third-Party Plaintiff,
v.
ITG TRANSPORTATION SERVICES, INC.; WORLD EXPRESS SHIPPING, TRANSPORTATION AND FORWARDING SERVICES, INC. d/b/a/ W.E.S.T. FORWARDING SERVICES; DOES 1 through X, inclusive,
Third-Party Defendants.

AND RELATED CROSS-ACTIONS.

Case No. CV-08-1232-VRW

**LAPMASTER INTERNATIONAL LLC's OPPOSITION TO W.E.S.T. FORWARDING SERVICES' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, AND TO ITG TRANSPORTATION SERVICES, INC.'S JOINDER IN SAME**

***Accompanying Document*: Declaration of Peter J. Turcotte**

*(Assigned to the Honorable Vaughn R. Walker)*

Date: September 11, 2008
Time: 2:30 pm
Dept.: 6

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## I. INTRODUCTION

The motion of W.E.S.T FORWARDING SERVICES (hereafter "WEST") for dismissal of the third-party complaint filed by LAPMASTER INTERNATIONAL LLC (hereafter "LAPMASTER"), on the grounds that this Court lacks personal jurisdiction and that the Northern District of California is not the proper venue for this action, must fail because: (1) WEST's motion is untimely; (2) WEST has indeed availed itself of the Court's jurisdiction and admitted that venue is appropriate by filing a counter-claim against plaintiff MASON AND DIXON INTERMODAL, INC. (hereafter "MDII") based on the same facts at issue in the original complaint and in third-party complaint; and (3) enforcement of the forum selection clause would be unreasonable and unjust. For the same reasons, WEST's motion for summary judgment fails.

Similarly, to the extent that the joinder of ITG TRANSPORTATION SERVICES, INC. (hereafter "ITG") in WEST's motion is valid, it must fail for the same reasons. Further, ITG's joinder based on "privity of contract" fails because no such privity exists or extends to ITG.

LAPMASTER therefore respectfully requests that the Court deny WEST's motion and ITG's joinder, or in the alternative, defer hearing and decision on this motion until discovery is complete or until trial of this matter.

## II. ISSUES TO BE DECIDED

1. WEST's motion and ITG's joinder were filed after their responsive pleadings and are therefore untimely and must denied; or, in the alternative, because the issues on this motion are inextricably intertwined with the issues in the case, the hearing and resolution must be delayed until discovery is complete or until trial of this matter.

2. WEST and ITG, by their actions, have admitted that jurisdiction and venue are proper in the Northern District of California.

3. It would be unreasonable and unjust to enforce the forum selection clause.

## III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Factual Background

This case stems from two separate collisions of MDII's trucks with an overpass on

Interstate 880 in California, on or about December 26 and 27, 2007, and the resulting destruction of the cargo carried on MDII's trucks. The cargo on the trucks included a Precision Flat Lapping Machine and a Precision Flat Polishing Machine ("the Machines") that LAPMASTER had sold to Hayward Quartz Technology, Inc. (Hayward Quartz Technology is not a party to this action.) The Machines were initially shipped from Japan to the Port of Oakland, California.

Once the Machines arrived in Oakland, WEST, which had been hired by LAPMASTER, arranged with ITG for motor transport of the Machines from Oakland to Fremont, California. ITG, in turn, made ground transportation arrangements with MDII. On or about December 26, 2007, MDII picked up the Machines at the Port of Oakland and began transporting them to Fremont, California.

In its complaint, MDII alleges that the Machines were being transported by MDII from Oakland, California to Freemont, California, in December 2007, "when the Machines struck an overpass." (See MDII's Complaint for Declaratory Judgment, p 3:10-11.) LAPMASTER's counterclaim against MDII and third-party complaint against WEST and ITG allege the same set of operative facts (see LAPMASTER's Answer to MDII's Complaint for Declaratory Judgment and Counterclaim Against MDII at pp.13:3-10, and LAPMASTER's Third-Party Complaint against WEST and ITG, at p. 4:11-4:21), as does WEST's counterclaim against MDII (see WEST's Counterclaim Against MDII, at pp. 3:28-4:8).

Liability is not really in dispute. Instead, the issue is which of the parties to this case – MDII, ITG and/or WEST – share responsibility for the destruction of the Machines and to what extent.

**B. <u>Procedural History</u>**

Plaintiff MDII filed this action against LAPMASTER and HARTFORD INSURANCE CO., on February 29, 2008. LAPMASTER filed its answer and counterclaim against MDII on April 23, 2008.

On April 24, 2008, LAPMASTER filed its third-party complaint against WEST and ITG. On June 12, 2008, ITG filed an answer to LAPMASTER's third-party complaint, and on June 16, 2008, WEST filed its answer to LAPMASTER's third-party complaint. WEST filed its

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

counterclaim against MDII also on June 16, 2008. Thereafter, on July 23, 2008, WEST filed its motion to dismiss for lack of personal jurisdiction and improper venue and in the alternative summary judgment, and ITG filed its joinder in WEST's motion on August 5, 2008.

## IV. LEGAL ARGUMENT

### A. West's Motion and ITG's Joinder Are Untimely and Must Be Denied, or, In the Alternative, Delayed Until The Close of Discovery or Trial of This Matter

"Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." (Fed. R. of Civ. P. 12(b).) However, a motion asserting the defenses of lack of personal jurisdiction and improper venue "must be made before pleading if a responsive pleading is allowed." (Fed. R. of Civ. P. 12(b).) Since both WEST and ITG filed answers before filing and joining the instant motion to dismiss under Rules 12(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, WEST's motion and ITG's joinder are untimely and not properly before this Court. (*See* Fed. R. of Civ. P. 12(b), *and see Augustine v. United States* (9th Cir. 1983) 704 F.2d 1074, 1075 n.3.)

Moreover, WEST failed to raise venue as an affirmative defense in its answer to LAPMASTER's third party complaint, instead asserting that "this court lacks jurisdiction over the claims asserted against WEST." (See WEST's Second Affirmative Defense in its Answer and Affirmative Defenses to Lapmaster International LLC Third Party Complaint, p. 7:3-17.) Similarly, ITG failed to state *any* affirmative defenses, and in particular failed to state an affirmative defense as to jurisdiction or venue. (See ITG's Answer to Lapmaster International's Third-Party Complaint.) WEST's untimely motion and ITG's untimely joinder cannot now rectify their failure to plead these defenses. As such, the instant motion to dismiss for improper jurisdiction and venue should be denied.

However, if the Court determines that WEST's motion should be entertained, LAPMASTER requests that the Court delay resolution of this motion until the close of discovery or trial of this matter.

> If a party so moves, any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

(Fed. R. of Civ. P. 12(i) (emphasis added).) Thus, this Court has the authority to defer resolution of this motion until discovery is complete or until trial. Deferral will allow the parties to complete discovery on all the issues, which – as demonstrated by the pleadings, including WEST's counterclaims against MDII – are inextricably intertwined with WEST's claims of improper jurisdiction and venue. (*See*, Schwarzer, Tashima, et al., CAL. PRAC. GUIDE, FED. CIV. PROC. BEFORE TRIAL (9th ed. 2008) § 9:141 ("when the venue facts are inextricably intertwined with the merits of the action, resolution of the venue issue is usually deferred until trial") *citing Data Disc, Inc. v. Systems Technology Assocs., Inc.* (9th Cir. 1977) 557 F.2d 1280, 1285 n.2 (discussing personal jurisdiction motions).) At the heart of this motion and the various parties' claims for recovery is the incident involving damage and destruction of the Machines being transported by MDII from Oakland, California to Fremont, California. The determination of liability and allocation of fault are inextricably intertwined with the complicated inter-relationships at issue on this motion and in this case. The nature of the relationships, the contracts at issue, and past courses of dealing are but a few of the issues that must be explored. Indeed, there is a multi-tiered set of relationships involving five parties which must be subjected to discovery and assessed: the relationships between LAPMASTER and WEST, WEST and ITG, ITG and MDII, and MDII and the truck drivers.[1] Removal of WEST and ITG from this analysis would leave the parties in a precarious position, unable to conduct full and complete discovery or to obtain full and complete recovery.[2] Therefore, LAPMASTER requests that if the Court decides to entertain this motion, the hearing and resolution be deferred until discovery is complete or until trial.

---

1. The proposed discovery plan being developed by the parties shows just how intertwined the venue facts are with the merits of the parties' respective claims. The parties' proposed plan includes depositions of the corporate representative from each of the 5 parties as well as the truck drivers, and seeks information and documents regarding the relationships, contracts and communications among the various parties as well as several non-parties. (See meet and confer correspondence (e-mail), at pp. 1-3, 7-8 attached to the Declaration of Peter J. Turcotte as **Exhibit A**.)
2. ITG argues this very point as a basis for its joinder when it asserts that even though ITG is not a party to the contract between WEST and LAPMASTER, "privity of contract between WEST and LAPMASTER extends to ITG." (See ITG's Joinder at 1:24-2:6.) Although LAPMASTER asserts that privity of contract does not exist with or extend to ITG, this is but one example of how the venue facts are so intertwined with the merits of this action that deferral of this motion is necessary.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**B. WEST's Pleadings and Actions Admit That Jurisdiction and Venue Are Proper In The Northern District of California**

In its counterclaim against MDII, WEST's claims are based on the same set of operative facts as the main complaint filed by MDII and the third-party complaint filed by LAPMASTER – the damage to and destruction of the Machines. Further, in its counterclaim against MDII, WEST specifically alleges that federal question, admiralty and diversity jurisdiction are proper in a section entitled "Jurisdiction Venue":

> 1. Jurisdiction of the Counterclaim is based on 28 U.S.C. §§ 1331 and 1333, in that the Counterclaim relates to cargo damage and presents a federal question under federal common law and/or federal statutes. **This Court also has supplemental jurisdiction over WEST's claims against Mason because these claims result from a common nucleus of operative facts and relate to the federal claims alleged in the Complaint and Counterclaim.**
>
> 2. WEST is informed and believes and on that basis alleges that this Court also has jurisdiction of this Counterclaim based on diversity of citizenship, in that this is a civil action between citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

(See WEST's Counterclaim Against MDII, at 3:1-11 (emphasis added).) WEST has therefore admitted that "jurisdiction venue" is proper and seeks to take advantage of jurisdiction and venue in the Northern District of California by filing its counter-claim as to MDII.

However, in this motion, WEST speciously claims that jurisdiction and venue are improper as to the third-party complaint based on the language of the forum selection clause.[3] (See WEST's Motion, p. 4:15-23.) The language of the clause states that the customer "irrevocably consents to the jurisdiction of the United States District Court and the State Courts of Ohio" and "agrees that any action relating to the services performed by Company shall only be brought in said courts." (*Id.* at 4:18-19.) Nowhere does the clause identify or define the United States District Courts of Ohio (either the Northern or Southern Districts) as the courts with jurisdiction or in which venue would be proper. At best, the language is ambiguous as to whether the clause refers to *any* United States District Court or the *specific* United States District

---

3. Plaintiff in the main action, MDII, was not a party to the contract and chose to file its claims against LAPMASTER in the Northern District of California where the incident at issue occurred. The alleged forum selection clause does not reach the action initiated by MDII.

Courts of Ohio, especially since the word "Court" in the first instance is singular and plural as it refers to the Ohio state courts. In ruling on a Rule 12b(3) motion to dismiss based on a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party (*see*, *Murphy v. Schneider Nat'l Inc.* (9th Cir. 2004) 362 F.3d 1133, 1138 (as amended)). Therefore, the meaning of the term must be resolved in favor of LAPMASTER, the non-moving party, and jurisdiction and venue in any United States District Court, including the Northern District of California, is proper under the terms of the clause.

Moreover, WEST cannot now be heard to complain that LAPMASTER should be barred from addressing the very same issues raised by WEST and MDII in this court, or that LAPMASTER should be forced to litigate these issues in the courts of Ohio while WEST and MDII litigate the issues in the Northern District of California. This is especially true since WEST and ITG raise the forum selection issue for the first time on WEST's untimely motion – after filing their answers and after WEST filed its claims based on the same common nucleus of facts in this very court. For these reasons, WEST's motion must be denied.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**C. <u>It Would Be Unreasonable and Unjust to Enforce the Forum Selection Clause</u>**

Not all forum selection clauses are enforceable if, to enforce them, would be unreasonable or unjust. (*See*, *Dominguez v. Finish Line, Inc.* (W.D.Tex. 2006) 439 F.Supp.2d 688, 690-691 (finding forum selection clause in arbitration provision of employment contract unenforceable based on evidence the clause was unreasonable and would deprive plaintiff of his day in court).) Even the cases cited by WEST make it clear that forum selection clauses are not enforceable where it would be unreasonable and unjust. (*See*, *e.g.*, *Carnival Cruise Lines, Inc. v. Shute* (1991) 499 U.S. 585, 594 (discussing reasons clause not *un*enforceable where "conclusory reference to the record provides no basis for this Court to validate the finding of inconvenience").) Further, forum-selection clauses contained in form contracts are subject to judicial scrutiny for "fundamental fairness." (*See*, *Id.* at 595.)

In this case, it would be unreasonable and unjust to enforce the forum selection clause

because: (1) LAPMASTER did not initiate or choose the forum for the instant litigation, (2) without WEST or ITG in this litigation, the claims cannot be fully litigated, (3) LAPMASTER might become subject to conflicting judgments if it must defend itself in this case in California and relitigate the issues with WEST and ITG in Ohio, and (4) the interests of fairness and judicial efficiency and economy will not be served by litigating this case in two different jurisdictions. Thus, if the forum selection clause is enforced and the third-party complaint is dismissed, LAPMASTER would effectively be deprived of its day in court.

MDII chose to file this litigation in United States District Court for the Northern District of California because the damage to the Machines occurred in Northern California. LAPMASTER simply brought the indispensible parties WEST and ITG into the action. Moreover, as noted above, WEST has itself filed a counter claim against MDII, and it makes no sense and would be entirely unjust to allow WEST to proceed on its claims against MDII but to deprive LAPMASTER of its right to claim against WEST and ITG. Indeed, the issues in MDII's complaint, WEST's counter claims and LAPMASTER's third party complaint are not separate and are all tied to the same common nucleus of facts.

Moreover, WEST and ITG are heavily involved in this litigation and actively litigating this case. Neither has said – nor could they – that the litigation can proceed without them. For example, the parties have been working toward a discovery plan that involves depositions of the corporate representative from each of the five parties (MDII, WEST, ITG, LAPMASTER and HARTFORD) as well as the depositions of the truck drivers. (See, e.g., the meet and confer correspondence (e-mail) at pp. 1-3, 7-8, attached as Exhibit A to the Declaration of Peter J. Turcotte.) To dismiss the third-party complaints against WEST and ITG at this stage would not serve any of the parties but would disrupt discovery, require the parties to proceed with duplicate litigation in Ohio, and very likely expose the parties to conflicting rulings on discovery and on the merits.[4] Such piecemeal litigation would place a heavy burden on LAPMASTER and likely deprive it of full and complete resolution of its claims.

---

4 . ITG recognizes this danger by arguing against piecemeal litigation in its joinder. (ITG's Joinder, p. 2: 10-19.)

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

In *Carnival Cruise Lines, Inc. v. Shute, supra,* cited by WEST, the Supreme Court found the forum selection clause enforceable in part because the lower court failed to make appropriate findings of fact regarding the physical and financial impediments to plaintiffs pursuing their claims in Florida, the state identified in the forum selection clause; further, the Court noted that the incident at the heart of the claim occurred off the coast of Mexico, and was thus not "an essentially local one inherently more suited to resolution in the State of Washington than in Florida." (*Carnival Cruise Lines*, 499 U.S. at 594-595.) In contrast, the geographic and financial impediments that would arise if the forum selection clause is enforced in this case are great: the parties would be forced to simultaneously litigate actions in California and Ohio, wasting the parties and courts' resources and possibly subjecting LAPMASTER to inconsistent rulings. Pleadings, discovery, depositions, motions and trial would be duplicated in the two different jurisdictions. Further, the incident in this case occurred within the Northern District of California and as such is inherently local and more suited to litigation in California, where the accident site, investigation, and witnesses are located. Finally, unlike the parties in *Carnival*, LAPMASTER did not initiate the underlying action but seeks only to litigate the entire action on a one-time basis, with all necessary and indispensible parties present. It would be entirely unjust and unreasonable to do otherwise.[5]

**D. <u>WEST's Motion for Summary Judgment Fails</u>**

WEST's motion for summary judgment fails for the same reasons that its motion to dismiss fails. Further, WEST has failed to set forth which, if any, facts are undisputed and which, if any, support its motion for summary judgment. Moreover, the parties dispute that the forum selection clause requires that the case be brought in the federal and state courts of Ohio,

5. WEST's other authorities are similarly inapposite: *Holland America Line Inc. v. Wärtsilä North America, Inc.* (9th Cir. 2007) 485 F.3d 450 (refusing to find forum selection clause unenforceable in part based on failure to provide admissible evidence that foreign court would decline to hear suit if pending suit dismissed); *Marco Forwarding Co. v. Continental Cas. Co.* (S.D. Fla. 2005) 430 F.Supp.2d 1289, 1295 (separate dispute over contract was not intimately tied to the underlying action and dismissal would not force party to relitigate the same issues in another jurisdiction); *A.P. Moller-Maersk A/S v. Ocean Express Miami* (S.D.N.Y. 2008) 550 F.Supp.2d 454, 469 (party seeking to defeat forum selection clause had itself initiated three other suits based on the same matter in foreign countries); and *Omstead v. Dell, Inc.* (N.D.Cal. 2007) 473 F.Supp.2d 1018, 1024-1026 (analyzing choice of law provision in sales agreement rather than forum selection clause).

- 8 -

LAPMASTER INTERNATIONAL LLC's OPP. TO MOT. TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND TO JOINDER IN SAME (CV-08-1232 VRW)

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and further dispute the meaning of the language of the clause. Thus, WEST's motion simply demonstrates that there is a genuine issue of material fact and that WEST is not entitled to judgment as a matter of law. (Fed. R. of Civ. P. 56(c).)

**E. <u>ITG's Joinder Fails</u>**

ITG offers no support for its claim that "Because WEST's dispatch order was made pursuant to its contract with Lapmaster, privity of the contract between W.E.S.T and Lapmaster extends to ITG." (ITG's Joinder at 2:3-4.) Indeed, there is no support for the claim and no such privity exists or extends to ITG.

Further, ITG relies solely on *Nureau Ink LLC v. Zomba Recording LLC*, 2006 U.S.Dist. LEXIS 87240 to support its attempt to enforce the forum selection clause. (See ITG's Joinder at 1:24-2:1.) However, *Nureau Ink*, is inapposite. One factor in the *Nureau Ink* court's analysis was that the plaintiffs in a California action, who were seeking to avoid the forum selection clause that identified New York as the forum, were a corporation and its sole owner, which thus created the "close relationship" between the plaintiffs and supported enforcement of the forum selection clause in the contract between the sole owner and defendant. (*See*, *Nureau Ink*, 2006 U.S.Dist. LEXIS 87240, at *18-19.) Further, in *Nureau Ink*, defendants in the California action had simultaneously filed an action in New York against the California plaintiffs, and the California court saw fit to avoid duplicate litigation and enforce the forum selection clause in favor of New York. (*Id.*) In the present case, there are no such facts that would make ITG so closely related to WEST – they are entirely separate entities. In addition, the *Nureau Ink* court's reasoning – enforcing the clause to avoid duplicate litigation – applies here to support *denial* of the instant motion, because *enforcement* of the clause would create duplicate litigation.

Thus, ITG's joinder does not present facts that would allow it to enforce the forum selection clause. Moreover, even assuming ITG was entitled to enforce the clause, ITG's joinder in the motion fails for the same reasons, as set forth above, that the motion fails as to WEST.

///

///

///

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 9 -

LAPMASTER INTERNATIONAL LLC's OPP. TO MOT. TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND TO JOINDER IN SAME (CV-08-1232 VRW)

## V. CONCLUSION

For the foregoing reasons, LAPMASTER respectfully requests that the Court deny WEST's motion or defer resolution of the jurisdiction and venue issue until discovery closes or until trial of this matter.

DATED: August 21, 2008

**GORDON & REES LLP**

By: [signature]
JOHN F. HUGHES
PETER J. TURCOTTE
Attorneys for Defendant and Counterclaimant and Third-Party Plaintiff
LAPMASTER INTERNATIONAL LLC

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 10 -
LAPMASTER INTERNATIONAL LLC's OPP. TO MOT. TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND TO JOINDER IN SAME (CV-08-1232 VRW)

Re: *Mason and Dixon Intermodal, Inc. v. Lapmaster International, LLC*
United States District Court – Northern District No. CV 08 01232 VRW

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On **August 21, 2008**, I served the within documents:

**LAPMASTER INTERNATIONAL LLC'S OPPOSITION TO W.E.S.T. FORWARDING SERVICES' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, AND TO ITG TRANSPORTATION SERVICES, INC.'S JOINDER IN SAME**

☒ by electronically serving the document(s) described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the Pacer website and as set forth below.:

Attorneys for WEST Forwarding
Elise Shibles
Edward M. Joffe
Sandler Travis & Rosenberg
**Email: eshibles@strtrade.com**
**Email: ejoffe@strtrade.com**

Attorneys for Hartford Fire Ins. Co.
Christopher J. Brennan
Bauman Loewe Witt & Maxwell
**Email: cbrennan@blwlawfirm.com**

Attorneys for ITG Transportation
Michael Joseph Daley
Ryan & Lifter
**Email: mdaley@rallaw.com**

Attorneys for Plaintiff
Matthew S. Conant
Lori Ann Sebransky
Lombardi Loper & Conant
**Email: msc@llcllp.com**
**Email: las@llcllp.com**

Attorneys for Plaintiff
Paul D. Keenan
Jeffrey D. Cohen
Keenan Cohen & Howard
**Email: jcohen@freightlaw.net**
**Email: pkeenan@freightlaw.net**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **August 21, 2008**, at San Francisco, California.

Samantha Oryall

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

HAIC/1050626/5616020v.1