Elise Shibles, Esq.
**SANDLER, TRAVIS & ROSENBERG
AND GLAD & FERGUSON, P.C.**
505 Sansome Street, Suite 1475
San Francisco, CA 94111
Telephone: (415) 986-1088
Facsimile: (415) 986-2271
*Attorneys for W.E.S.T. Forwarding Services*

Edward M. Joffe, *Of Counsel\**
Florida Bar No. 314242
**SANDLER, TRAVIS & ROSENBERG, P.A.**
The Waterford - Suite 600
5200 Blue Lagoon Drive
Miami, Florida 33126
Tel.    (305) 267-9200
Fax    (305) 267-5155
Email:  ejoffe@strtrade.com

\* Admitted pro hac vice 6-16-08

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASON AND DIXON INTERMODAL, INC., <br>     Plaintiff, <br> v. <br> LAPMASTER INTERNATIONAL, LLC AND HARTFORD INSURANCE CO. <br>     Defendants. <br> LAPMASTER INTERNATIONAL, LLC <br>     Counterclaimant, <br> v. <br> MASON AND DIXON INTERMODAL, INC., <br>     Counterclaimant. <br>     ITG TRANSPORTATION SERVICES, INC.; WORLD EXPRESS SHIPPING, TRANSPORTATION AND FORWARDING SERVICES, INC. d/b/a/ W.E.S.T. FORWARDING SERVICES; DOES 1 through X, inclusive Third-Party Defendants. | Case No. CV-08-1232-VRW <br><br> **W.E.S.T. FORWARDING SERVICES' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS HARTFORD FIRE INSURANCE CO. AND LAPMASTER'S THIRD PARTY COMPLAINTS, OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT** <br><br> **Hearing Date: September 11, 2008** <br> **Time: 2:30 P.M.** <br> **Courtroom No. 6** <br> **Judge Vaughn R. Walker** |

### I. INTRODUCTION

Neither Lapmaster nor Hartford disputes that W.E.S.T. Forwarding Services, Inc. ("W.E.S.T.") and Lapmaster[1] are parties to a contract which reads:

---

[1] Both W.E.S.T. and Lapmaster are headquartered in Illinois.

-1-
**Reply Memorandum in Further Support of W.E.S.T. Forwarding Services' Motion to Dismiss Third Party Complaints, or, in the Alternative Summary Judgment**

> 21. Governing Law: Consent to Jurisdiction and Venue. These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Ohio without giving consideration to principals [sic] of conflict law. The customer agrees as follows:
> 
> **(a)        Irrevocably consents to the jurisdiction of the United States District Court and the State Courts of Ohio.**
> **(b)        Agrees that any action relating to the services performed by Company shall only be brought in said courts.**
> (c)        Consent to the exercise of in personam jurisdiction by said courts over it, and
> (d)        Further agrees that any action to enforce a judgment may be instituted in any jurisdiction. **(Emphasis added.)** [Goldenberg Decl. Ex. B ]

Instead, they raise a variety of legal arguments, none of which have merit. For this court's convenience, our response is combined into one reply memorandum.

## II. W.E.S.T IS NOT A NECESSARY OR INDISPENSIBLE PARTY

Hartford argues that W.E.S.T. is an indispensible party. The rule concerning this issue is set forth in Fed. R. Civ. Pro. 19. Among other things, subsection (a) requires joinder of a party, if "(A) in that person's absence, the court cannot accord complete relief among existing parties." Subsection (b) of Rule 19 concerns the circumstance when joinder is not feasible, i.e. the indispensible party issue.

As we explain below, Lapmaster and Hartford have a right of direct action against Mason and Dixon and are not required to join any other parties to obtain complete relief. Accordingly, this court need not reach the "indispensible party" issue.

Although this issue has not been raised to date in this litigation, the claims for the damaged cargo fall under Federal, not state, law. The joint case management statement reads:

> The Claims and counterclaims in this matter involve damage to two pieces of equipment, a Precision Flat lapping machine and a Precision Flat Polishing Machine, ("Machines"). The machines were transported via ocean carrier from Hamai Co., Ltd. in Tokyo, Japan destined for Hayward Quartz Technology, Inc. located in Fremont, California. The transportation occurred in December of 2007. The machines struck a highway overpass during transport from the port in Oakland, to the location of Hayward Quartz Technology's facility in Fremont.
>
> Since the claims arise   from the damage to equipment on the inland portion of a shipment

from Japan to Fremont, California, the Surface Transportation Board has jurisdiction over this transaction. 49 U.S.C.A. § 13501 (1)(E) (Granting jurisdiction over interstate transportation by motor carrier, between the United States and a place in a foreign country to the extent the transportation is in the United States.)

Under the federal statutory scheme, referred to as the Carmack Amendment, a motor carrier is liable for all losses relating to goods it transports. 49 U.S.C.A. § 14706. *Chubb Group of Insurance Companies v. H.A. Transportation Systems, Inc.*, 243 F. Supp.2d 1064 (C.D. Cal. 2002); *Sompo Japan Insurance Co. of America v. VIP Transport*, 2008 WL 2882441 (July 24, 2008 N.D. Cal.)

It is well settled that the Carmack Amendment is applicable to the domestic portion of a shipment originating in foreign country. 49 U.S.C. § 13501. This is commonly known as the "continuation of foreign commerce provision." *Swift Textiles, Inc. v. Watkins Motor Lines, Inc.,* 799 F.2d 697, 699 (11th Cir. 1986), *cert. denied*, 480 U.S. 935 (1987). *Project Hope v. M/V IBN SINA*, 250 F.3d 67 (2nd Cir. 2001).

The Carmack Amendment preempts a shipper's state law claims. 49 U.S.C.A. §14706(a). *Tokio Marine & Fire Ins. Group v. J.J. Phoenix Exp., Ltd.,* 156 F. Supp.2d 889 (N.D. Ill. 2001). *Nippon Yusen Kaisha v. Burlington and Northern Santa Fe Railway Co.*, 367 F.Supp.2d 1292 (C.D. Cal. 2005).

Under 49 U.S.C. A. §14706 (d)(2), which allows a direct civil action against the carrier responsible for the loss, Lapmaster and Hartford need not sue W.E.S.T. in order to obtain complete relief. *Redier v. Thompson*, 339 U.S. 113, 119 (1950). (The Carmack Amendment was enacted to relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods.)

In conclusion, since joinder is not required, this court need not consider the "indispensible party" issue.

### III.   HARTFORD MISREADS THE STEWART DECISION -

## 28 U.S.C. §1404(a) DOES NOT APPLY

Hartford argues that this court must apply the analysis set forth in 28 U.S.C. § 1404(a). In advancing this position, Hartford misreads the Supreme Court decision, *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30, 108 S.Ct. 2239, 2244 (U.S. 1988) (hereinafter "*Stewart*"). That case involved a diversity action where Alabama law did not enforce forum selection clauses while Federal law did. Relying on the contractual forum-selection clause, Ricoh moved the District Court either to transfer the case to the Southern District of New York under 28 U.S.C. §1404(a) or to dismiss the case for improper venue under 28 U.S.C. §1406. The District Court denied the motion. It reasoned that the transfer motion was controlled by Alabama law and that Alabama looks unfavorably upon contractual forum selection-selection clauses. The Court certified its ruling for interlocutory appeal. When the case eventually reached the Supreme Court, that Court first considered whether § 1404(a) itself controlled respondent's request to give effect to the parties' contractual choice of venue. The Supreme Court concluded that 28 U.S.C. § 1404(a) governed the District Court's decision whether to give effect to the parties' forum-selection clause and transfer the case.

However, in our case, W.E.S.T. raised the forum selection clause issue within the context of a motion to dismiss, or in the alternative, for summary judgment and did **not** file a motion to transfer under 28 U.S.C. § 1404(a). *Stewart* is inapplicable. *Jones v. Weibrecht*, 901 F.2d 17 (2nd Cir. 1990). *See also*, *Faur v. Sirius International Insurance Corp.*, 391 F.Supp.2d 650 (N.D. Ill. 2005) (Where enforcement of forum selection clause is not raised in context of motion to transfer, decision becomes a matter of contract law).

Furthermore, the application of *Stewart* has been limited to diversity cases, not cases where there is federal question jurisdiction[2]. *Richards v. Lloyds of London*, 135 F.3d 1289, 1293 n. 3 (9th Cir.

---

[2] A Carmack Amendment claim is within this court's federal question jurisdiction pursuant to 28 U.S.C. § 1337(a) provided the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs. *Dress Barn, Inc. v. LTA Group, Inc.*, 822 F.Supp. 88 (D. Conn. 1993); *Simmons v. United Parcel Service*, 924 F. Supp. 65 (W.D. Tex. 1996). That threshold amount is met here.

1998)[3].

## IV. W.E.S.T. HAS NOT WAIVE ITS RIGHT TO ENFORCE THE FORUM SELECTION PROVISIONS

Third party plaintiffs argue that W.E.S.T. has waived its right to raise lack of personal jurisdiction and improper venue. Federal Rule of Civil Procedure 12 (h) provides that a party waives any defense listed in Rule 12(b)(2)-(5) by:

> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
> (B) failing to either:
>   (i) make it by motion under this rule; or
>   (ii) include it in a responsive pleading or in an amendment allowed by Rule 15
>     (a)(1)   as a matter of course.

W.E.S.T.'s affirmative defenses in its answer assert lack of jurisdiction and improper venue and include reference to the forum selection provisions which provide Ohio courts with exclusive jurisdiction. Accordingly, W.E.S.T. has not waived its rights.

Hartford also argues that the rules do not allow W.E.S.T. to file a Rule 12(b) motion after an answer. Our motion, relying on evidence outside the pleadings, is also presented as a motion for summary judgment, and may also be treated as a motion for judgment on the Pleadings.

Finally, it is not true that filing of a counterclaim by W.E.S.T.'s was a waiver of the jurisdictional defense. The counterclaim filed against Mason and Dixon was compulsory within the meaning of Rule 13(a) because its claim arose out of the transaction or occurrence that is the subject matter of the opposing party's claim.

In *Dragor Shipping Corp. v. Union Tank Car Co*. 378 F2d 241 ( 9th Cir. 1967), the defendant raised the defenses of lack of jurisdiction, insufficiency of process, and improper venue in its answer and pleaded a counterclaim. The court found that the counterclaim arose out of the transaction that was the subject matter of the complaint, and that it was therefore a compulsory counterclaim within

---

[3] In *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991), the Supreme Court did not extend the *Stewart* analysis to a federal question case.

the meaning of Rule 13(a). The Court went on to hold that pleading a compulsory counterclaim did not waive the defense of lack of in personam jurisdiction. Under Rule 13(a), the court pointed out, a party who failed to plead a compulsory claim against an opposing party was held to have waived such claim and was precluded by *res judicata* from bringing suit upon it again, and since such party had no alternative but to submit his compulsory claim, or lose it, his act in asserting it did not constitute a waiver of any jurisdictional defense he previously or concurrently asserted. The Ninth Circuit has consistently upheld this approach. *E.G.*, *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007).

## V. ENFORCEMENT OF THIS FORUM SELECTION CLAUSE IS NOT UNREASONABLE OR UNJUST WITHIN THE MEANING OF THE *CARNIVAL CRUISE LINE* DECISION

Both parties argue that it is unreasonable and unjust to enforce the forum selection agreement. In advancing their arguments they fail to use the applicable legal standard. In following Supreme Court precedent, the Ninth Circuit has held that a forum selection clause may be unreasonable: (1) if the inclusion of the clause in the argument was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought. *Holland America Line Inc. v. Wärtsilä North America, Inc.,* 485 F.3d 450 (9th C.A. Wash. 2007).

None of these factors exist here. Lapmaster does not contest the fact that it signed the agreement, voluntarily and with full disclosure. Pursuing litigation in Ohio will not deprive third party plaintiffs of their day in court. Both W.E.S.T. and Lapmaster are headquartered in Illinois and our federal courts allow for full nationwide discovery.

Finally, California has a strong public policy favoring enforcement of forum selection clauses. *Smith, Valentinao & Smith,Inc. v. Superior Court*, 17 Cal.3d 491, 551 P.2d 1206, 131 Cal. Rptr. 374 (1976); *Eric H. Lu v. Dryclean-U.S.A. of California, Inc.*, 11 Cal. App.4th 1490, 14 Cal.Rptr.2d 906 (

1 Dist.1992) (Forum selection clauses play an important role in both national and international commerce. Given the importance of forum selection clauses, both the United States Supreme Court and the California Supreme Court have placed a heavy burden on a plaintiff seeking to defeat such a clause, requiring it to demonstrate that enforcement of the clause would be unreasonable under the circumstances of the case.)

## **CONCLUSION**

For the reasons discussed and upon the authorities cited, W.E.S.T.'s Motion to Dismiss, or, in the Alternative, for Summary Judgment should be granted.

Dated: August 28, 2008

                               Respectfully submitted,

                               **SANDLER, TRAVIS & ROSENBERG, P.A.**
                               The Waterford - Suite 600
                               5200 Blue Lagoon Drive
                               Miami, Florida 33126
                               Tel.   (305) 267-9200
                               Fax    (305) 267-5155
                               Email:  ejoffe@strtrade.com

                               By:   /s/ Edward M. Joffe
                                      Edward M. Joffe
                                      Florida Bar No. 314242
                               * Admitted pro hac vice 6-16-08
                               *Attorneys for W.E.S.T. Forwarding Services*

                               Local Counsel:
                               Elise Shibles
                               **SANDLER, TRAVIS & ROSENBERG, P.A. AND GLAD AND FERGUSON**
                               505 Sansome Street, Suite 1475
                               San Francisco, CA 94111
                               Tel: 415-986-1088
                               Fax: 415-986-2271
                               Email: eshibles@strtrade.com

**PROOF OF SERVICE**

I, Edward M. Joffe, declare under penalty of perjury that the following facts are true and correct:

I am employed by the law firm of Sandler, Travis & Rosenberg whose address is 5200 Blue Lagoon Drive, Suite 600, Miami, FL 33126. I am over the age of 18 years, and not a party to this action.

On August 28, 2008, I served the following document:

**W.E.S.T. FORWARDING SERVICES' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS HARTFORD FIRE INSURANCE CO. AND LAPMASTER'S THIRD PARTY COMPLAINTS, OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT**

by the CM/ECF notification system to the following attorneys of record:

**Matthew S. Conant, Esq.**
Email: msc@llcllp.com

**Lori Ann Sebransky, Esq.**
Email: las@llcllp.com

**Jeffrey D. Cohen, Esq.**
Email: jcohen@freightlaw.net

**John F. Hughes, Esq.**
Email: jhughes@gordonrees.com

**Christopher James Brennan, Esq.**
Email: cbrennan@blwlawfirm.com

**Joe Ryan, Esq.**
Email: jryan@rallaw.com

**Paul Keenan, Esq.**
Email: pkeenan@freightlaw.net

**Elise Shibles, Esq.**
Email: eshibles@strtrade.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this proof of service was executed on August 28, 2008, at Miami, FL.

/s/ Edward M. Joffe
Edward M. Joffe