JOSEPH D. RYAN (SBN: 62603)
SUMIN C. JOO (SBN: 244947)
**RYAN & LIFTER**
A Professional Corporation
2010 Crow Canyon Place, Suite 330
San Ramon, CA 94583-1344
Tel: (925) 884-2080
Fax: (925) 884-2090

Attorneys for Third-Party Defendant
ITG TRANSPORTATION SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MASON AND DIXON INTERMODAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAPMASTER INTERNATIONAL, LLC and HARTFORD INSURANCE CO., <br><br> Defendants. <br><br> AND RELATED CROSS ACTIONS. | Case No.: C 08-1232 VRW <br><br> **ITG TRANSPORTATION SERVICES, INC.'S REPLY TO LAPMASTER INTERNATIONAL LLC'S AND HARTFORD FIRE INSURANCE COMPANY'S OPPOSITION TO JOINDER TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT** <br><br> Date: September 11, 2008 <br> Time: 2:30 p.m. <br> Dept.: 6 <br><br> (Jury Trial Demanded) |

## I.

## INTRODUCTION

As stated by the U.S. Supreme Court, a forum-selection clause represents the parties' agreement as to the most proper forum. *(Stewart Organization, Inc. v. Richo Corp.* (1988) 487 U.S. 22, 31.) It is presumed to be valid and should be enforced unless it is proven to be unreasonable. *(M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 15-18.) The oppositions filed by LAPMASTER INTERNATIONAL LLC (hereinafter, "Lapmaster") and HARTFORD FIRE INSURANCE

1    C 08-1232 VRW
ITG TRANSPORTATION SERVICES, INC.'S REPLY TO LAPMASTER INTERNATIONAL LLC'S AND HARTFORD FIRE INSURANCE COMPANY'S OPPOSITION TO JOINDER TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT
H:\DATA\CUSTOMER\UBI112\Pleadings\Reply to Opposition to Motion of WEST.wpd

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE
SUITE 330
SAN RAMON, CA
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

1  COMPANY (hereinafter, "Hartford") do not establish any grounds to deny enforcement of the forum
2  selection clause between Lapmaster and W.E.S.T. FORWARDING SERVICES (hereinafter,
3  "WEST"). A court has discretion to transfer an entire case to any district or division if it be in the
4  interest of justice. (28 U.S.C. §1406(a).) Accordingly, ITG TRANSPORTATION SERVICES, INC.
5  (hereinafter "ITG") respectfully requests that the Court enforces the forum selection clause.

## II.

### LAPMASTER'S OPPOSITION DOES NOT ESTABLISH GROUNDS FOR DENYING ENFORCEMENT OF A FORUM SELECTION CLAUSE.

A forum selection clause is presumed to be valid and should be enforced unless it is proven to be unreasonable. (*M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 15.) Enforcement of a forum selection clause is denied only when (a) the clause was a product of fraud, undue influence or overeaching; (b) enforcement would be seriously inconvenient to one party; or (c) enforcement would contravene a strong public policy of the forum in which suit is brought. (*Id.*, at 15-18; *Carnival Cruise Lines, Inc. v. Shute* (1991) 499 U.S. 585, 595.) To establish serious inconvenience, a party needs to show that the designated forum is so gravely difficult and inconvenient for all purposes by overwhelming evidence. (*M/S Bremen v. Zapata Off-Shore Co., supra,* at 18 (describing the showing as a "heavy burden of proof").) Lapmaster's opposition does not meet the burden of proof because it does not show that the forum of Ohio is so gravely difficult and inconvenient for all practical purposes. The only evidence it provides to support its argument is email correspondences between parties regarding the discovery plan.

Lapmaster incorrectly argues that ITG's joinder fails because it is not so closely related to WEST so as to be bound by the forum selection clause. In fact, ITG was hired by WEST to provide the service called for in its contract with Lapmaster. The key to the closely related test is whether the non-signatories were close to the contractual relationship that included a forum selection clause, not whether they are same or related entities as argued by Lapmaster. (*Nuneau Ink LLC v. Zomba Recording LLC,* 2006 U.S. Dis. LEXIS 87240, 16.) Giving standing to all closely related entities honors general principles of judicial economy by making all parties closely allied to the contractual relationship accountable in the same forum. (*Id.* (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.* (9th

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE, SUITE 330
SAN RAMON, CA 94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

2    C 08-1232 VRW

ITG TRANSPORTATION SERVICES, INC.'S REPLY TO LAPMASTER INTERNATIONAL LLC'S AND HARTFORD FIRE INSURANCE COMPANY'S OPPOSITION TO JOINDER TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT
H:\DATA\CUSTOMER\UBI112\Pleadings\Reply to Opposition to Motion of WEST.wpd



1  relationship accountable in the same forum. *(Id.* (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.* (9th
2  Cir. 1988) 858 F.2d 509, 514).) As stated in ITG's joinder, ITG is named as a third-party defendant
3  solely because it received a dispatch order from WEST that was made pursuant to the contract with
4  Lapmaster. Without the contract between WEST and Lapmaster, ITG would not have been even
5  involved in this litigation. Accordingly, ITG is closely related to the contractual relationship between
6  WEST and Lapmaster, and thus, is entitled to enforce the forum selection clause.

### III.

### HARTFORD' OPPOSITION DOES NOT ESTABLISH GROUNDS FOR DENYING ENFORCEMENT OF A FORUM SELECTION CLAUSE.

The Opposition filed by Hartford is essentially a non-opposition. It does not challenge the forum selection clause that exists between WEST and Lapmaster. (Hartford's Memorandum of Points and Authorities, page 3 lines 12-13.) The only case cited in its memorandum of points and authorities in support of the opposition is *Stewart Organization, Inc. v. Richo Corp.* (1988) U.S. 22, 32, which, in fact, ruled in favor of enforcing the forum selection clause. Hartford even cites the portion of the Supreme Court's opinion that emphasizes the importance of a forum selection clause:

> The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus.

*(Id.*, at 29; Hartford's Memorandum of Points and Authorities, page 4, lines 25-26.)

Hartford argues transferring the case to Ohio pursuant to the form selection clause is not convenient for any of the parties. That is not true. Except for the plaintiff, all of the parties are located closer to Ohio than to Northern California. The majority of persons with knowledge identified in the parties' disclosure statements reside closer to Ohio than to Northern California. In fact, parties are planing to set depositions in Illinois, not in California. Accordingly, the convenience of the parties and witnesses, which is another factor the court should consider for determining whether to transfer a case to another venue, weighs in favor of Ohio rather than Northern California. *(See Stewart Organization*, 487 U.S. at 30.)

3                                                                                          C 08-1232 VRW

ITG TRANSPORTATION SERVICES, INC.'S REPLY TO LAPMASTER INTERNATIONAL LLC'S AND HARTFORD FIRE INSURANCE COMPANY'S OPPOSITION TO JOINDER TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT
H:\DATA\CUSTOMER\UBI112\Pleadings\Reply to Opposition to Motion of WEST.wpd

## IV.
## CONCLUSION

For the reasons stated above, ITG respectfully requests that the Court enforce the forum selection clause between Lapmaster and WEST.

Dated: August 28, 2008

Respectfully submitted,

**RYAN & LIFTER**
A Professional Corporation

By _____
SUMIN C. JOO
Attorneys for Third Party Defendant
ITG TRANSPORTATION SERVICES, INC.

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
SAN RAMON, CA
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

4    C 08-1232 VRW
ITG TRANSPORTATION SERVICES, INC.'S REPLY TO LAPMASTER INTERNATIONAL LLC'S AND HARTFORD FIRE INSURANCE COMPANY'S OPPOSITION TO JOINDER TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT
H:\DATA\CUSTOMER\UBI112\Pleadings\Reply to Opposition to Motion of WEST.wpd

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE,
SUITE 330
SAN RAMON, CA
94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

# PROOF OF SERVICE

I, KAREN L. GILBERT, declare that I am over the age of 18 years and not a party to the within action; that my business address is 2010 Crow Canyon Place, Suite 330, San Ramon, California 94583-1344; and that on this date I served a true copy of the foregoing document(s) entitled:

**ITG TRANSPORTATION SERVICES, INC.'S REPLY TO LAPMASTER INTERNATIONAL LLC'S AND HARTFORD FIRE INSURANCE COMPANY'S OPPOSITION TO JOINDER TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

on all parties in this action by:

_____ (By Overnight Courier) I caused each envelope, with postage fully prepaid, to be sent by _____.

_____ (By Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Ryan & Lifter.

_____ (By Hand) I caused each envelope to be delivered by hand to the offices listed above.

_____ (By Facsimile) I caused each document to be sent by Automatic Telecopier to the number as indicated above.

_____ (By E-Mail) I caused each document to be sent by E-Mail to the E-Mail address as indicated above.

__X__ (By Electronic Transfer) I caused the above document to be served through CM/ECF addressed to all parties appearing on the electronic service list on the date executed below. The file transmission was reported as complete and a copy of the file & serve filing receipt" page will be maintained with the original document(s) in our office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2008 in San Ramon, California.

KAREN L. GILBERT

ITG TRANSPORTATION SERVICES, INC.'S REPLY TO LAPMASTER INTERNATIONAL LLC'S AND HARTFORD FIRE INSURANCE COMPANY'S OPPOSITION TO JOINDER TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT
H:\DATA\CUSTOMER\UBI112\Pleadings\Reply to Opposition to Motion of WEST.wpd